**The STATE of Texas, Appellant,**

v.

**Jimmy Dwain MORGAN, Appellee.**

**No. 08-91-00336-CR.**

Court of Appeals of Texas,
El Paso.

Nov. 4, 1992.

Gary Garrison, Dist. Atty., Odessa, for appellant.

David Greenhaw, Odessa, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

KOEHLER, Justice.

In an interlocutory appeal pursuant to Tex.Code Crim.Pro.Ann. art. 44.01(a)(5) (Vernon Supp.1992), the State seeks in a single point of error a review of the trial court's suppression of any and all evidence seized by law enforcement officers from Jimmy Dwain Morgan in execution of a search warrant. We reverse the judgment of the trial court.

### Factual Background

On March 12, 1991, a deputy from Ector County Sheriff's Department obtained a warrant to search Morgan's residence which was executed the following day. As a result of the execution, Morgan was arrested and later indicted for possession of less than 400 grams but more than 28 grams of a controlled substance, namely amphetamine. Morgan filed a motion to suppress the evidence seized on the ground that the warrant was deficient. After a hearing, the trial court granted the motion finding the warrant did "not demonstrate adequatly [sic] that the confidential informant saw a specific controlled substance in [Morgan's] home...." Hence, the State perfected this appeal.

### Standard of Review

The trial judge is the exclusive judge of the credibility of witnesses and weight to be given testimony at a hearing on a motion to suppress, and the judge may believe or disbelieve any, part or all of any witness's testimony. Gibbs v. State, 819 S.W.2d 821, 830 (Tex.Crim.App.1991), cert. denied, — U.S. ——, 112 S.Ct. 1205, 117 L.Ed.2d 444 (1992); Cantu v. State, 817 S.W.2d 74, 77 (Tex.Crim.App.1991); Romero v. State, 800 S.W.2d 539 (Tex.Crim.App. 1990); State v. Wood, 828 S.W.2d 471, 474 (Tex.App.—El Paso 1992, no pet.). On appeal, a reviewing court does not engage in its own factual review but decides only whether the trial judge's fact findings are supported by the record. Lucas v. State, 791 S.W.2d 35, 47 (Tex.Crim.App.1989). We address only the question of whether the trial court properly applied the law to the facts. Romero, 800 S.W.2d at 543.

In addressing this issue, we must consider the totality of the circumstances to determine whether the trial court's findings are supported by the record, and the findings will not be disturbed absent a clear abuse of discretion.[1] Dancy v. State, 728 S.W.2d 772, 777 (Tex.Crim.App.), cert. denied, 484 U.S. 975, 108 S.Ct. 485, 98 L.Ed.2d 484 (1987). If the trial judge's decision is correct on any theory of law applicable to the case however, it will be sustained. Romero, 800 S.W.2d at 543; Calloway v. State, 743 S.W.2d 645, 651–52 (Tex.Crim.App.1988). This principle holds true even though the trial judge gives the wrong reason for his decision, Salas v. State, 629 S.W.2d 796 (Tex.App.—Houston [14th Dist.] 1981, no pet.), and is especially true with regard to the admission of evidence. Romero, 800 S.W.2d at 543.

### Burden of Proof

When a defendant seeks to suppress evidence on the basis of a Fourth Amendment violation, the Court of Criminal Appeals has placed the burden of proof initially upon the defendant. Russell v. State, 717 S.W.2d 7 (Tex.Crim.App.1986); Mattei v. State, 455 S.W.2d 761, 765–66 (Tex.Crim.App.1970). As the movant in a motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct and, therefore, shifts the burden of proof to the State. Russell v. State, 717 S.W.2d at 9. When the validity of a search is challenged and the State produces a warrant, the defendant must go forward to establish its invalidity on some ground such as a lack of probable cause. See Johnson v. State, 803 S.W.2d 272, 290 (Tex.Crim.App.1990), cert.

---

1. As per the Court of Criminal Appeals' latest pronouncement on the subject, the definition of an abuse of discretion requires us to determine if the trial judge's decision was outside the zone of reasonable disagreement. See Kelly v. State, 824 S.W.2d 568, 574 (Tex.Crim.App.1992). If it is not, the decision of the trial court must stand. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.App.1991) (on own motion for rehearing).

*denied,* —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991), overruled to the extent in conflict with *Heitman v. State,* 815 S.W.2d 681, 682, 690 (Tex.Crim.App.1991); *Haynes v. State,* 468 S.W.2d 375, 377–78 (Tex.Crim.App.1971), *cert. denied,* 405 U.S. 956, 92 S.Ct. 1180, 31 L.Ed.2d 233 (1972).

### Analysis

At the hearing on Morgan's motion to suppress, a copy of the search warrant with the supporting affidavit was introduced as evidence. The pertinent portion of the affidavit is as follows:

3. It is the belief of affiants, and they hereby charge and accuse, that said suspected party has possession of and is concealing at said suspected location a controlled substance, namely: <u>Methamphetamine</u>

4. Affiants have probable cause for said belief by reason of the following facts, to-wit:

That affiant is a Peace Officer in and for The State of Texas and is currently employed by the Ector County Sheriff's Department in the capacity of Investigator assigned to the Intelligence Section.

That during the course of affiants employment as a Peace Officer in and for the State of Texas, affiant has received training and experience in the execution of search and arrest warrants and has personally assisted in the execution of over (50) fifty search and arrest warrants.

That on the date of <u>03–12–91</u> affiant was contacted by a confidiential, [sic] credible and reliable informant, whose name and identity must remain unknown for security reasons, and was advised by the said informant that the suspect party has at the suspect location a quantity of controlled substance, namely, <u>methamphetamine</u> in violation of The Texas Controlled Substance Act.

That that affiant believes and has reason to believe the said informant as the informant is not a first time informant and has given this affiant information in the past that was known to be true, reliable and correct.

That the said informant has given affiant information in the past that was checked by affiant and found to be true, reliable and correct in each and every instance. That the said informant has given affiant information in the past that has led to the arrest of <u>10</u> violators of The Texas Controlled Substance Act and the seizure of controlled substances.

That the said informant knows what <u>methamphetamine</u> is as the said informant is a past abuser of <u>methamphetamine</u>.

That as an underlying circumstance to support the above the said informant has been inside the suspect residence within the past twenty-four hours and did personally see a quantity of controlled substance, namely: ————. [Emphasis added].

It is obvious from the different size and style of type of the underlined portions of the affidavit that it is a fill-in-the-blank form affidavit. Morgan contended the last paragraph was deficient in that the blank following "quantity of controlled substance, namely:" was not completed to specify what controlled substance had been seen by the informant within the last twenty-four hours. Thus, Morgan concluded no disinterested magistrate could have found probable cause to issue the warrant. The trial judge stated that the paragraph would be redacted as if a nullity if he found it inadequate and that he would review the remainder of the affidavit to determine if probable cause was established therein as corrected. In support of his order suppressing all the evidence obtained as a result of the issuance and execution of the warrant, the trial judge found the warrant defective for failing to demonstrate the specific controlled substance the informant saw in Morgan's home.

■ On appeal, the State argues the trial judge should have simply placed a period [.] after "quantity of controlled substance" rather than eliminating the entire paragraph from the affidavit. The State contends, therefore, the necessary temporal proximity of the informant's viewing of the controlled substance is established. As to

specificity, the State asserts the issuing magistrate and a reviewing court could refer to anything within the four corners of the affidavit to draw a reasonable inference that the "controlled substance" in the last paragraph inherently refers to methamphetamine in the above paragraphs, and we agree. *See generally, Salazar v. State,* 806 S.W.2d 291, 293 (Tex.App.—Amarillo 1991, no pet.). If the facts alleged in the affidavit, considering the totality of the circumstances, would warrant a reasonably cautious man to believe the allegations, probable cause to issue the warrant existed. *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983).

The instant facts fully illustrate the typical problems encountered by the judiciary due to law enforcement agencies' continued use of both form affidavits and form warrants. Both practices have been condemned by the Court of Criminal Appeals. *Faulkner v. State,* 537 S.W.2d 742, 744 (Tex.Crim.App.1976); *Brown v. State,* 437 S.W.2d 828, 829 (Tex.Crim.App.1968), *cert. denied,* 393 U.S. 1089, 89 S.Ct. 850, 21 L.Ed.2d 782 (1969). We pause but briefly to reurge the condemnation of this practice in that the use of forms lends itself to the problems and omissions incurred in the instant case. Rather, it is a much sounder and wiser procedure to individually draft affidavits and warrants so as to avoid uncompleted blanks and to specifically tailor the necessary factual averments to establish probable cause.

■ It is the presence or absence of supporting facts from which a reviewing court resolves the sufficiency of an averment used to establish probable cause. *Lagrone v. State,* 742 S.W.2d 659, 661 (Tex.Crim.App.1987). In the instant case, the averment that a controlled substance had been recently seen at the place to be searched was supported by factual allegations to bolster the informant's veracity and reliability regarding his ability to identify a substance as methamphetamine. Moreover, a virtually identical paragraph within the affidavit—minus the temporal assertion—provided factual support and specifically identified the controlled substance as follows: "[A]ffiant ... was advised by the said informant that the suspect party [Morgan] has at the suspect location [Morgan's residence] a quantity of controlled substance, namely, methamphetamine in violation of The Texas Controlled Substance Act."

■ On review of the probable cause determination, the affidavit is to be interpreted in a common sense and realistic manner, and a hypertechnical analysis is to be avoided. *Gibbs,* 819 S.W.2d at 830; *Faulkner,* 537 S.W.2d at 744. Furthermore, such a review must afford great deference to the issuing magistrate's decision and be based upon the evidence as a whole. *Douglas v. State,* 794 S.W.2d 98, 101 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). Having read the affidavit as a whole, the issuing magistrate was well within his bounds to draw a reasonable and logical inference providing any necessary nexus between the general term controlled substance and the specific term methamphetamine. As a general rule, the reviewing court, as are we, was required to read the affidavit in its entirety to determine the propriety of the magistrate's finding of probable cause. We conclude the trial court fell into error by eliminating the entire paragraph as indicated thereby failing to review the affidavit as a whole. We recognize that excising certain portions of an affidavit is the appropriate method of review when the affidavit is shown to include false or misleading statements. *See Hass v. State,* 790 S.W.2d 609, 611 (Tex.Crim.App.1990). Absent such a showing, as in this case, a reviewing court must look to the four corners of the affidavit. *Brooks v. State,* 642 S.W.2d 791, 796–97 (Tex.Crim.App.1982).

■ The Court of Criminal Appeals has concluded that use of generic descriptions of controlled substances without express statutory references was sufficiently particular to properly limit the scope of a search by officers executing such a warrant. *Gonzales v. State,* 577 S.W.2d 226, 229–30 (Tex.Crim.App.), *cert. denied,* 444 U.S. 853, 100 S.Ct. 109, 62 L.Ed.2d 71

(1979).[2] In the instant case, the affidavit went further than required in *Gonzales* by expressly referring to the Texas Controlled Substance Act in a manner from which a magistrate could rationally infer that the controlled substance seen within twenty-four hours at Morgan's residence was methamphetamine which was illegally possessed. When interpreted as a whole and in a common sense and realistic manner, the supporting affidavit was sufficiently particular in its description of the contraband sought to be seized so as not to leave the scope of the search up to the discretion of the searching officers. Thus, the affidavit did not seek a general search warrant violative of either the Fourth Amendment of the United States Constitution or Article I, Section 9 of the Texas Constitution. *Gonzales*, 577 S.W.2d at 230. By improperly excising the last paragraph of the affidavit, the trial judge necessarily applied a *de novo* review thereby failing to afford the magistrate the appropriate deference. As a result, we are constrained to conclude the trial court's finding, in this regard, is not properly supported by the record, and the resulting conclusion was outside the zone of reasonable disagreement. Consequently, the trial court clearly abused its discretion by its decision to suppress the evidence on this ground.

█ However, as noted above, we are to determine only whether the trial court's findings are supported by the record. If the trial judge's decision is correct on any theory of law applicable to the case, it will be sustained even though the trial judge may give the wrong reason for suppressing the evidence. *Romero*, 800 S.W.2d at 543. Upon further inspection of the ensuing warrant issued pursuant to the affidavit which we conclude to have provided the magistrate sufficient facts to find probable cause, we note that the warrant authorized a search and seizure of personal property extrinsically and wholly beyond the confines of the supporting affidavit. Thus, the warrant is defective, but the determinative question is whether it is fatally defec-

tive. Herein lies another blatant example of why the use of form affidavits and warrants is castigated because it significantly deters from the level of professionalism expected of the law enforcement and prosecuting authorities involved. *See Walthall v. State*, 594 S.W.2d 74, 79 (Tex.Crim.App. 1980).

█ As follows, the relevant portion of the warrant, as supported by the affidavit, directs any peace officer of the State of Texas:

> [T]o enter the suspected place described in said Affidavit and to there search for the personal property described in said Affidavit and to seize same and bring it before [the undersigned magistrate] and to arrest and bring before [the undersigned magistrate] each suspected party named in said Affidavit; and in event said suspected place is a *gaming house* you are commanded also to arrest all parties found therein or making excape [sic] therefrom and bring them before [the undersigned magistrate] and to take possession of and bring before [the undersigned magistrate] any *gambling paraphernalia, device or equipment* found therein.... [Emphasis added].

From a cursory reading of the supporting affidavit, it is immediately apparent that the affiant possessed no probable cause facts upon which to authorize a search for any such gambling paraphernalia, device or equipment. In that a trial judge's determination, one way or the other, to suppress evidence is to be upheld on any theory supported by the record, we must also ascertain whether suppression of the evidence on this ground is supported by the record.

The question is if this individual defect invalidated the warrant in its entirety. *See Walthall*, 594 S.W.2d at 79. Initially, we note Morgan was not specifically harmed by inclusion in the warrant of the "gaming" language other than by the potential unwarranted intrusion of his residence to

---

**2.** Depending upon how individual affidavits read as a whole, this "generic" practice may suffice. However, it is a much better procedure to specify the contraband sought to be seized so as to enhance the credibility of factual averments.

search for gambling paraphernalia. However, nothing in the record indicates the executing officers violated Morgan's right to privacy in this respect. As a result, we conclude the general rule of severability should apply in the instant case to delete the "gaming" portions of the warrant leaving the controlled substance portion as incorporated by reference,[3] which is otherwise valid, in effect. *Walthall*, 594 S.W.2d at 79. Although the instant warrant was inaccurate and the product of shoddy efforts by either the officer and/or the magistrate, the seized controlled substance was not, as a matter of law, subject to suppression on this theory on the record currently before us.

Accordingly, we sustain the State's point of error. The judgment of the trial court is reversed and the cause remanded for trial.

---

**3.** Incorporation of the supporting affidavit by reference in the warrant is expressly authorized by the Court of Criminal Appeals. *Reese v. State*, 712 S.W.2d 131, 133 (Tex.Crim.App.1986) (and cases cited therein), *overruled on other grounds, Reynolds v. State*, 723 S.W.2d 685 (Tex. Crim.App.1986).