IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-264-CR





MARY FRANCES WHITAKER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 106,278, HONORABLE JON N. WISSER, JUDGE PRESIDING



 




 In a trial before the court, appellant entered a plea of guilty to the offense of
possession of a controlled substance, methamphetamine, in an amount of less than twenty-eight
grams. See Tex. Health & Safety Code Ann. § 481.115 (West Supp. 1994). The trial court
deferred adjudication of guilt, placing appellant on probation for a term of five years. In points
of error one through three, and point of error five, appellant contends that the trial court erred in
denying her motion to suppress. In point of error four, appellant asserts that the trial court erred
in refusing to admit the testimony of the issuing magistrate that he would not have issued the
warrant if he had been apprised of material omissions of fact. We will overrule appellant's points
of error and affirm the order of the trial court.

 Armed with a search and arrest warrant, Austin Police Officers searched a
residence at 403 West Live Oak Street in Austin on October 10, 1990, where they recovered
approximately two grams of methamphetamine, scales and other paraphernalia. Appellant, named
as one of the two persons in charge and control of the premises in the warrant, was taken into
custody and charged with the instant offense. In her first point of error, appellant contends that
the affidavit supporting the search and arrest warrant failed to establish probable cause to search
appellant's residence.

 The affidavit upon which the warrant is based states that the affiant, Austin Police
Officer Liana Tijerina, received information from DPS Intelligence Services Sergeant Garry Stone
in October 1990, that during August and September, 1990, Stone had received information from
a confidential informant that Rudy Gonzales was presently distributing methamphetamine and
marihuana in Austin, and that the informant related that he had been present when Gonzales made
a sale of marihuana. Stone had received information from this informant on more than one
occasion that had proven to be true and correct, and led to the seizure of narcotics and arrests of
persons for possession of narcotics. A second informant had given Stone information in
September 1990 that Rudy Gonzales was engaged in the distribution of marihuana in the Austin
area. This informant told Stone that he had purchased marihuana from Gonzales on several
occasions. Stone had received information from this informant on more than one occasion that
had proven to be true. 

 On October 4, 1990, affiant was introduced to a third informant by Stone. This
informant told affiant that a person he knew as "Rudy" was dealing marihuana and
methamphetamine in the Austin area. In addition, this informant told affiant that "Rudy" had been
arrested with Tina Marie Smith in Williamson County for possession of marihuana and placed in
that county's jail. Affiant checked Williamson County arrest records and confirmed that Rudy
Gonzales and Tina Marie Smith were arrested for possession of marihuana on April 17, 1990, and
placed in the Williamson County jail. The affidavit further reflects that on October 8, 1990,
affiant arranged for the purchase of one gram of methamphetamine from Rudy Gonzales for one
hundred dollars at a residence located at 5114 Evans Avenue in Austin. Gonzales was driving a
vehicle identical as to make, model, and license number as the vehicle driven by a person with
the same name in the Williamson County offense. 

 The third confidential informant made the purchase at the Evans Avenue address. 
The informant was searched before and after he made the purchase. The same informant arranged
for a purchase of methamphetamine at the Evans Avenue address the following day. Surveillance
was again conducted and Gonzales was observed arriving in the same vehicle. The informant
advised affiant that Gonzales had one-eighth ounce of methamphetamine but the purchase was not
consummated. Affiant had Gonzales arrested as he left the site of the aborted sale. A search of
Gonzales resulted in the recovery of two clear plastic bags containing methamphetamine and a
digital pager, a means of communication that affiant knew from experience and training to be an
item commonly used in the sale and distribution of controlled substances. In addition, two twenty
dollar bills, identified by serial numbers as having been used in the previous day's purchase, were
found on Gonzales' person. Gonzales told the arresting officers that he lived at 403 West Live
Oak Street with his girlfriend, Mary Whitaker. A check of electric utility records showed an
account in Gonzales' name at this address. The affidavit further states that the officer interviewed
Tommye Bradley, who resided at the Evans Avenue address. Bradley informed the officers that
Gonzales was selling methamphetamine and marihuana for a living, and that she had purchased
methamphetamine from Gonzales for other persons. Bradley told affiant that shortly after the
arrest of Gonzales, Mary Whitaker (appellant) called her to say that she was afraid to return to
her residence at 403 W. Live Oak for fear of being arrested for what was inside the residence.

 Warrant affidavits should be interpreted in a common sense and realistic manner
and the magistrate is permitted to draw reasonable inferences. See Jones v. State, 833 S.W.2d
118, 124 (Tex. Crim. App. 1992), cert. denied, 113 S.Ct. 1285 (1993). The magistrate is not
bound by such standards as proof beyond a reasonable doubt or by preponderance of the evidence;
"rather his sole concern should be probability." Bower v. State, 769 S.W.2d 887, 902 (Tex. Crim.
App. 1989), cert. denied, 492 U.S. 927 (1989). Our review of the magistrate's determination
must "afford great deference to the issuing magistrate's decision based upon the evidence as a
whole." State v. Morgan, 841 S.W.2d 494, 498 (Tex. App.--El Paso 1992, no pet.). It is not
necessary that there be first-hand evidence in the affidavit that the contraband is on the premises
to be searched to show probable cause. See Bower, 769 S.W.2d at 902. It is only necessary that
the facts and circumstances set forth in the affidavit would warrant a man of reasonable caution
to believe that the articles sought were located at the place where it was proposed to search. See
Bower, 769 S.W.2d at 902.

 The affidavit in the instant cause shows that Gonzales was arrested with
methamphetamine and money from the previous day's sale in his possession. Gonzales told
officers that he lived at 403 West Live Oak with appellant. A named person told affiant that
appellant called her following the arrest of Gonzales to state that she was afraid to return to her
residence at 403 West Live Oak for fear of being arrested for what was inside the house. Based
on the totality of the information contained in the affidavit, the residence occupied by Gonzales
and appellant was the logical place to conduct a search for the contraband.

 Appellant further contends that probable cause is not shown for the search because
the affidavit contains no recitation of the basis underlying the knowledge of the three unnamed
informants, nor does the affidavit show the credibility of the third informant or Bradley. It is
unnecessary for the affidavit to show informants as reliable or credible where information is
corroborated by other facts in the affidavit. See Griese v. State, 820 S.W.2d 389, 392 (Tex.
App.--Houston [14th Dist.] 1991, pet. ref'd).

 Information furnished by informants that Gonzales was distributing
methamphetamine and marihuana in the Austin area was confirmed by the controlled buy on
October 8 and by Gonzales' possession of those substances, a pager and money used in the
October 8 transaction when he was arrested on October 9. Information given by the third
informant relative to the arrest of Gonzales in Williamson County was confirmed by the affiant's
investigation. Bradley told officers that she had purchased methamphetamine from Gonzales. An
admission against penal interest, even by a first-time informant, is a factor indicating reliability. 
Mejia v. State, 761 S.W.2d 35, 38 (Tex. App.--Houston [14th Dist.] 1988, pet. ref'd). Moreover,
the arrival of Gonzales at Bradley's residence as scheduled on two consecutive days lends
credibility to Bradley's statement that she had purchased drugs from Gonzales. We hold that the
totality of the information contained in the affidavit furnished the magistrate with a substantial
basis for finding that probable cause existed for the issuance of the search warrant for the house
occupied by Gonzales and appellant. Appellant's first point of error is overruled.

 In her second point of error, appellant urges that the trial court erred in denying
her motion to suppress because the affidavit failed to meet the requirements of Article 18.01 of
the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 18.01(b) (West Supp.
1994). Article 18.01 requires that "A sworn affidavit setting forth substantial facts establishing
probable cause shall be filed in every instance in which a search warrant is requested." Our
holding that the totality of the information contained in the affidavit furnished the magistrate with
a substantial basis for finding that probable cause existed is dispositive of appellant's contention. 
Article 18.01 imposes no greater standards than those used in appellant's first point of error. See
Johnson v. State, 803 S.W.2d 272, 288-89 (Tex. Crim. App. 1990), cert. denied, 111 S.Ct. 2914
(1991).

 Appellant more specifically urges that the affidavit failed to meet the requirement
of subsection (c) of article 18.01. Subsection (c) is expressly limited to search warrants issued
"pursuant to Subdivision (10) of Article 18.02 of this code." Subdivision (10) of Article 18.02
provides a search warrant may be issued to search for and seize "property or items, except the
personal writings by the accused, constituting evidence of an offense or constituting evidence
tending to show that a particular person committed an offense." Tex. Code Crim. Proc. Ann. art.
18.02(10) (West Supp. 1994). Subsection (c) of article 18.01 imposes conditions for searches
under Subdivision (10) of article 18.02 for "mere evidence" that was "not obtainable through
search warrants." See Gentry v. State, 640 S.W.2d 899, 902 (Tex. Crim. App. 1982). 
Applicable to the instant cause is Subdivision (7) of article 18.02 authorizing the issuance of a
search warrant for "drugs kept, prepared, or manufactured in violation of the laws of this state." 
Tex. Code Crim. Proc. Ann. art. 18.02(7) (West Supp. 1994). The instant cause is not subject
to the requirements of subsection (c) of article 18.01. Appellant's second point of error is
overruled.

 In her third point of error, appellant asserts that the trial court erred in denying her
motion to suppress because the affidavit supporting the search warrant contained material
misstatements of fact. A defendant may challenge a facially sufficient affidavit by showing that
it includes a false statement made knowingly, intentionally, or with reckless disregard for the
truth. Franks v. Delaware, 438 U.S. 154, 155-56 (1978). In a supplemental motion to suppress,
appellant alleged that the affiant deliberately or with reckless disregard for the truth executed an
affidavit for the arrest of Rudy Gonzales that varied significantly and materially from the affidavit
supporting the search warrant in the instant cause. The motion states that there is a variance
relating to the two controlled buys involving the third confidential informant and Gonzales on
October 8, 1990, and October 9, 1990. The motion further states that Bradley told defense
counsel in a telephone conversation on April 2, 1991, that appellant did not make a statement to
her on October 9, 1990 that she was afraid to return to her residence for fear of being arrested
for what was inside the residence. However, the motion noted that Bradley declined to make an
affidavit confirming her statement to defense counsel.

 In order to be entitled to an evidentiary hearing on allegations concerning the
veracity of the affidavit, Franks requires that the defendant specifically point out the portion of
the affidavit claimed to be false; allegations must be more than conclusory. See Dancy v. State,
728 S.W.2d 772, 781 (Tex. Crim. App.), cert. denied, 484 U.S. 975 (1987). Appellant's motion
lacks the specificity required by Franks with respect to the allegation that there is a variance in
the affidavits.

 At the hearing on appellant's motion, Bradley's testimony clearly supported the
averment in the affidavit related to the statement appellant made to her. Appellant points to the
following variances in the two affidavits: (1) whether affiant or the third confidential informant
arranged for the purchase from Gonzales at Bradley's residence; (2) informant's personal
knowledge regarding Gonzales' possession of methamphetamine at the time of the aborted sale;
(3) whether Gonzales' vehicle was under surveillance on October 9; and (4) the name of the
officer who conducted the field test that showed the substance Gonzales possessed was
methamphetamine. Affiant Tijerina testified that there was an element of pressure in the writing
of the affidavit for the search warrant due to the possibility that the evidence might be destroyed. 
Tijerina stated that any omission or variance in the two affidavits was not intentional.

 The fruits of a search are required to be suppressed if the "allegation of perjury or
reckless disregard is established by a preponderance of the evidence, and, with the affidavit's false
material set to one side, the affidavit's remaining content is insufficient to establish probable
cause." Franks, 438 U.S. at 156. In instances where the affiant has "been merely negligent in
checking or recording the facts relevant to a probable cause determination," Franks is not
applicable. See Dancy, 728 S.W.2d at 782. We hold that appellant has not shown by a
preponderance of the evidence that the affiant made the statements in question with the intent or
recklessness contemplated by Franks.

 Assuming, arguendo, that appellant has met the burden imposed under Franks, the
removal of the complained of variances in the affidavit does not render the remaining content of
the affidavit insufficient to establish probable cause. Omitting the alleged variances, the affidavit
shows (1) four persons informed law enforcement officers that Gonzales was distributing drugs
in the Austin area; (2) Gonzales was in possession of methamphetamine, money from the sale of
methamphetamine a day earlier, and a pager commonly used in drug trafficking when he was
arrested; (3) Gonzales told officers that he lived at the West Live Oak address with appellant; and
(4) Bradley told officers that appellant had informed her that she was afraid to return home after
Gonzales was arrested for fear of being arrested for what was inside the house. We hold that the
totality of this information set forth in the affidavit was sufficient to support the magistrate's
finding of probable cause. Appellant's third point of error is overruled.

 In her fourth point of error, appellant contends the trial court erred in refusing to
admit the suppression hearing testimony of the issuing magistrate that he would not have issued
the warrant if he had known: (1) that Gonzales had no opportunity to make a phone call during
the hour following his arrest, and only the possibility if he was afforded such an opportunity "after
being booked"; (2) that Sergeant Stone called appellant at her place of business in an effort to get
her consent to search the West Live Oak residence; and (3) that affiant received the information
from Bradley at 8:00 p.m. or 9:00 p.m. about her conversation with appellant rather than "shortly
after Gonzales' arrest." Appellant cites no authority nor are we aware of any that would allow
the admission of a magistrate's speculative testimony as to what action he would have taken if the
affidavit had contained different allegations. Appellant's fourth point of error is overruled.

 In her fifth point of error, appellant asserts that the trial court erred in denying her
motion to suppress because the affidavit supporting the search warrant contained material
omissions of fact. Appellant complains of the failure of the affidavit to show that Sergeant Stone
had called appellant to tell her that Gonzales had been arrested, and that he (Stone) had probable
cause to believe that narcotics were being stored in the residence appellant and Gonzales shared
on West Live Oak Street. In the course of the conversation appellant agreed to meet the officers
at the residence in question and allow them to search the house. Appellant did not keep the
appointment. It is urged that Stone's call prompted appellant to call Bradley about her fear of
returning home.

 Omissions from affidavits are treated essentially the same as claims of material
misstatements. Melton v. State, 750 S.W.2d 281, 284 (Tex. App.--Houston [14th Dist.] 1988, no
pet.). In Melton, omitted from the affidavit was the fact that the informant and the prosecutor had
an agreement that if the informant provided information leading to indictable drug possession
cases the prosecutor would be lenient with the informant. The Melton court held that the evidence
would not support a finding that affiant acted with reckless disregard for the accuracy of the
information, and even if the omitted information were included, the affidavit would be facially
sufficient.

 Any inference that Stone's call prompted appellant's call to Bradley appears to have
been negated by Bradley's suppression hearing testimony. Bradley testified that appellant told her
there were drugs in her house, and more specifically, "she [appellant] said something about drugs
in a jewelry box," a detail that Stone would hardly have known. Bradley stated that appellant told
her if she (Bradley) had any drugs that she had better get rid of them. Appellant has not
discharged the burden of showing that the affiant acted with reckless disregard of the information
she presented to the magistrate. Moreover, if all the complained of omitted information were
included, the affidavit would have still been facially sufficient to support issuance of the search
warrant. Appellant's fifth point of error is overruled.

 The order of the trial court deferring adjudication is affirmed.



 

 Tom G. Davis, Justice

Before Justices Aboussie, Jones and Davis*

Affirmed

Filed: June 22, 1994

Do Not Publish


























* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).