IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-538-CR





JOHN ANTHONY LOVE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0920544, HONORABLE JON N. WISSER, JUDGE PRESIDING



 




 Appellant was originally indicted for the offense of burglary of a building. Penal
Code, 63d Leg., R. S., ch. 399, sec. 1, § 30.02, 1973 Tex. Gen. Laws 883, 926 (Tex. Penal
Code Ann. § 30.02, since amended). Subsequently, appellant entered a plea of guilty to the
reduced offense of theft of property of the value of seven hundred fifty dollars or more but less
than twenty thousand dollars. See Act of May 27, 1985, 69th Leg., R.S., ch. 599, § 1, 1985 Tex.
Gen. Laws 2244, amended by Act of May 26, 1989, 71st Leg., R.S., ch. 724, §§ 2,3, 1989 Tex.
Gen. Laws 3273, 3274-76, amended by Act of Mar. 21, 1991, 72d Leg., R.S., ch. 14, § 284(80),
1991 Tex. Gen. Laws 42, 237, amended by Act of May 23, 1991, 72d Leg., R.S., ch. 565, § 1,
1991 Tex. Gen. Laws 2003 (Tex. Penal Code Ann. § 31.03, since amended). The trial court
assessed punishment at confinement for one year in the Travis County Correctional Center. In
five points of error, appellant contends that the trial court erred in failing to suppress his
confession. We will overrule appellant's points of error and affirm the judgment of the trial court.

 A common thread running through all of appellant's points of error is the
relationship that existed between all persons involved in the instant cause. The owner of the
burglarized home, Jeanne Keel, is the ex-wife of then Travis County Assistant District Attorney
Terry Keel. Appellant and his family were life-long close personal friends of Terry Keel. Co-defendant William Compeau is Jeanne Keel's brother. Informant Amy Johnson is identified as
Compeau's estranged common-law wife.

 In his first point of error, appellant contends that the trial court erred in overruling
his motion to suppress the confession because no probable cause existed in the affidavit to enable
the magistrate to issue the search warrant. While the warrant was for appellant's arrest, and no
items were seized, it appears to be appellant's position that his confession was tainted as the result
of an illegal arrest. Probable cause must exist to enable a magistrate to issue a warrant of arrest. 
See Lowery v. State, 499 S.W.2d 160, 163 (Tex. Crim. App. 1973).

 The affidavit for "warrant of arrest and detention" of appellant, sworn to by
Detective Tommy Wooley, stated in pertinent part: Jeanne Keel reported the burglary of her
residence on Great Divide in Austin on October 28, 1991; Keel related that her house was entered
without her permission and a number of items (listed in the affidavit) taken; Amy Johnson gave
affiant a sworn affidavit that her estranged husband, William Compeau, told her that he and
appellant burglarized the Keel residence and took numerous guns, a television, VCR, and assorted
jewelry; on December 10, 1991, Gene Moretka gave Detective Richard Hale a sworn statement
that he purchased a Savage Arms .22 rifle (an item Jeanne Keel listed as having been taken from
her house) and a Derringer .22 caliber pistol from Bill Compeau; and on December 10, 1991,
Terry Keel viewed the rifle and positively identified it as the one stolen from his ex-wife's house.

 Warrant affidavits should be interpreted in a common sense and realistic manner
and the magistrate is permitted to draw reasonable inferences. See Jones v. State, 833 S.W.2d
118, 124 (Tex. Crim. App. 1992), cert. denied, 113 S.Ct. 1285 (1993). The magistrate is not
bound by such standards as proof beyond a reasonable doubt or by preponderance of the evidence;
"rather his sole concern should be probability." Bower v. State, 769 S.W.2d 887, 902 (Tex.
Crim. App. 1989), cert. denied, 492 U.S. 927 (1989). Our review of the magistrate's
determination must "afford great deference to the issuing magistrate's decision based upon the
evidence as a whole." State v. Morgan, 841 S.W.2d 494, 498 (Tex. App.--El Paso 1992, no pet.). 
It is unnecessary for the affiant to show informants as reliable or credible where information is
corroborated by other facts in the affidavit. See Griese v. State, 820 S.W.2d 389, 392 (Tex.
App.--Houston [14th Dist.] 1991, pet. ref'd).

 Appellant, in a scholarly treatise, urges us to be the first appellate court to discard
the "totality of circumstances" test of Illinois v. Gates, 462 U.S. 213 (1983), in favor of the
earlier standard of Aguilar v. Texas, 378 U.S. 108 (1964). Appellant reasons that Aguilar's
somewhat more limited standard is more consistent with Tex. Const. art. I, § 9. The Court of
Criminal Appeals has continued to use the Gates standard of "totality of the circumstances" in
determining the existence of probable cause. See Amos v. State, 819 S.W.2d 156, 161 (Tex.
Crim. App. 1991). As an intermediate appellate court, we will follow the standard recognized
by the Court of Criminal Appeals.

 In Hennessy v. State, 660 S.W.2d 87 (Tex. Crim. App. 1983), the named informant
had no personal knowledge of any illegal substance at the defendant's residence. The basis of
informant's knowledge came from statements made to him by one Barnes that Barnes had "scored"
narcotics from the defendant's residence. Information detailed in the affidavit about Barnes'
activities was shown to have been substantially corroborated by independent police investigation. 
The Hennessy court found that the informant's credibility and reliability were established because
he was a named informant, and because he gave detailed information about Barnes's activities
which was substantially corroborated by independent police investigation. Id. at 91.

 In the instant cause the affidavit shows that a named informant gave affiant an
affidavit that her estranged husband, William Compeau, told her that he and appellant took
property from the Keel house that corresponded with items Jeanne Keel reported stolen from her
home. The affidavit also states that a named person gave a sworn statement about purchasing
guns from Compeau and that Terry Keel identified one of these guns as one that was stolen from
his ex-wife's house. While Compeau's admission against penal interest was hearsay upon
hearsay, his admission was corroborated by police investigation that showed Compeau sold a gun
taken from the Keel house. Bearing in mind that our resolution of marginal cases "should be
largely determined by the preference to be accorded the warrant," we hold that the magistrate had
a substantial basis for concluding that probable cause existed for the issuance of the warrant for
appellant's arrest based on the "totality of the circumstances" presented in the affidavit. 

 Moreover, a confession, otherwise shown to have been voluntary, is not rendered
inadmissible by the fact that its author was under arrest or in custody under invalid process absent
a causal connection between the invalid arrest and the confession. See Barber v. State, 737
S.W.2d 824, 831 (Tex. Crim. App. 1987). The Supreme Court has provided four factors to be
weighed in determining whether the taint of an illegal arrest was attenuated, as follows: (1) the
giving of Miranda warnings, (2) the temporal proximity of the arrest to the statement, (3) the
existence of intervening circumstances, and (4) the purpose and flagrancy of the official
misconduct. See Brown v. Illinois, 422 U.S. 590 (1975). In State v. Johnson, 843 S.W.2d 252
(Tex. App.--Texarkana 1992), aff'd, 871 S.W.2d 744 (Tex. Crim. App. 1994), the defendant
signed a written statement six and one-half hours after his illegal warrantless arrest. While the
time factors weighed slightly in favor of the defendant, the court found that other factors were
favorable to attenuation of the taint. Miranda warnings, while not decisive standing alone, were
given before the defendant gave his confession. A proper arrest warrant was issued after the
defendant was taken into custody, and intervening circumstances were found to slightly favor the
State. At the time the defendant was arrested, an attempt was being made to secure an arrest
warrant by other officers. The court noted that there was no showing that the arresting officer
knew that he did not have probable cause to arrest the defendant. The lack of official misconduct
was a factor the court considered favorable to the State. The Johnson court concluded that the
taint of the illegal arrest was attenuated from the obtaining of the defendant's statement.

 In the instant cause appellant's arrest was made pursuant to a warrant. Assuming
the warrant was invalid, there was no showing that this fact was known to the officers. As
hereinafter noted in other points of error, no official misconduct is shown on the part of the
officers. Over twenty-four hours elapsed before appellant gave an inculpatory statement. 
Appellant was given Miranda warnings at the scene of the arrest, upon arrival at the station house,
before giving a statement in which he denied taking part in the offense, during the time between
the first confession and the second confession, and prior to giving the inculpatory confession. 
Intervening circumstances following appellant's arrest consisted of appellant's expression of
remorse to Terry Keel for having taken property from the Keel's house, appellant's assistance in
locating co-defendant Compeau, and Compeau's statement to the officers that they should ask
appellant about the location of the stolen jewelry. Assuming that the affidavit was insufficient,
the taint of illegality was attenuated under the standard set forth in Brown. Appellant's first point
of error is overruled.

 In his second point of error, appellant asserts that the trial court erred in failing to
sustain his motion to suppress because his confessions were involuntary under the Texas
Constitution. Tex. Const. art. I, §§ 10 & 19. The written motion to suppress filed by appellant
in the trial court relies on the Fourth, Fifth and Fourteenth Amendments to the United States
Constitution, and unspecified articles of the Texas Code of Criminal Procedure. In appellant's
argument in the trial court in support of his motion, no mention was made of the Texas
Constitution. An objection stating one legal theory in the trial court may not be used to support
another legal theory on appeal. Johnson v. State, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990). 
Appellant's second point of error is overruled.

 In his third and fourth points of error, appellant contends that the trial court erred
in finding that his confessions were voluntary. Appellant urges that his confessions were
inadmissible under Articles 38.21, 38.22 or 38.23 of the Texas Code of Criminal Procedure and
the Fifth and Fourteenth Amendments to the United States Constitution. See Tex. Code Crim.
Proc. Ann. art. 38.21 (West 1979), art. 38.22 (West 1979 & Supp. 1994), & art. 38.23 (West
Supp. 1994). In Smith v. State, 799 S.W.2d 417, 427 (Tex. Crim. App. 1989), the defendant
cited "nonconstitutional doctrines of state law" in addition to the Fifth Amendment of the United
States Constitution in assailing the voluntariness of his confession. The Smith court held that
"voluntariness" under both constitutional and state law doctrines is to be measured according to
the totality of the circumstances. Id. at 427.

 Appellant was arrested at his mother's home in the early morning hours of
December 11, 1991. Detective Hale testified that he gave appellant Miranda warnings at the
scene of the arrest. Approximately one hour later, appellant was again given Miranda warnings
at the station house before his first written statement. Appellant's first statement relates that he
rode with Compeau to the Keel house but refused Compeau's request to assist him in the burglary. 
More than twenty hours later appellant was again given Miranda warnings and gave a second
written statement in which he acknowledged participation in the Keel burglary.

 Appellant directs our attention to the testimony of Hale that Keel, who accompanied
officers to the scene of the arrest, told him, "Its to your benefit to cooperate with [the officers]." 
Hale also told appellant it was to his benefit to cooperate in the investigation, "as I do in all
investigations"; he added that because "Mr. Keel was an assistant district attorney that it was to
his benefit to cooperate"; and since "he [Keel] was assisting us in this investigation that it was to
his best interest to cooperate with us." Hale further testified that he told appellant that if a
defendant cooperates in the investigation and doesn't have a lengthy criminal history he may end
up with probation.

 Appellant denied that he was given Miranda warnings at the scene of the arrest. 
Compeau's car was at the scene of the arrest. After the officers were unable to find Compeau,
appellant agreed to assist the officers in locating him. Appellant testified that after he told officers
Hale and Tommy Wooley he wanted an attorney, the officers told him that "Terry [Keel] is going
to help you all he can; the courts and the judges will go easier on you if you just come clean. And
from what it looks like Terry is going to help you all he can." Before he made his second
confession, appellant stated that Keel told him that he was going to get out on a personal bond;
"I'm not going to get you out if you make me look like a fool on this false statement, but if you
come clean and make another statement I'll hold up to my promise and I'll get you out as soon
as possible."

 The testimony of the State's witnesses reflects that no mention was made about a
confession until appellant told Terry Keel that he was sorry about having gone into the house, and
said "I'm going to give them a statement. I'll tell them where everything is, I'm going to co-operate." Hale testified that the co-operation he sought from appellant was the location of
Compeau and the recovery of the property. Hale denied ever promising appellant that he would
receive probation. Hale said his statement to appellant was that defendants who co-operate and
do not have a criminal record may get probation. Both Hale and Wooley testified that appellant
never mentioned anything about wanting an attorney.

 Keel testified that following a call from appellant's mother he went to Judge Wisser
and requested that appellant be released on a personal bond. It was after his conversation with
Judge Wisser that Keel went to see appellant and told him that he had done what he could to get
him out on personal bond. Keel stated that he told appellant, "I knew about the statement he had
given . . . if you are going to say anything to them you shouldn't lie to them . . . they know that
you gave a false statement to them." Keel denied that he ever told appellant that his getting out
on personal bond was conditioned upon him giving a statement and stated that his efforts toward
getting appellant released on personal bond had occurred prior to his visit with appellant.

 Appellant's testimony about wanting an attorney and his release on personal bond
being conditioned on giving a statement were controverted. The trial court, as the exclusive judge
of the credibility of witnesses, acted within its authority in disbelieving appellant's testimony. See
Gentry v. State, 770 S.W.2d 780, 790 (Tex. Crim. App. 1988).

 Before a promise will render a confession inadmissible, it must be shown that the
promise induced the confession. See Jacobs v. State, 787 S.W.2d 397, 399 (Tex. Crim. App.
1990). In order to induce the confession, the promise must be (1) positive, (2) made or sanctioned
by someone in authority, and (3) of such an influential nature that a defendant would speak
untruthfully in response thereto. Id.

 In Muniz v. State, 851 S.W.2d 238, 253 (Tex. Crim. App. 1993), the officer
admitted discussing with a defendant charged with capital murder that he knew of a case where
a murderer confessed and received a term in a mental institution, and that in some cases leniency
is shown if suspects give a statement. The officer denied that he told the defendant what to write
or that he promised appellant leniency in return for a confession. The court concluded the
officer's statement was simply a statement of fact; the defendant failed to demonstrate that the
party in authority positively and unequivocally promised leniency in return for a confession. Id.
at 254.

 In the instant cause, appellant has not shown that a party in authority positively and
unequivocally promised probation or leniency in return for a confession. Neither the officers nor
Keel induced appellant to confess by implicitly or explicitly suggesting a deal, bargain, agreement,
exchange, or contingency where they would make sure that appellant received leniency or
probation. See Chambers v. State, 866 S.W.2d 9, 20 (Tex. Crim. App. 1993). We hold that the
totality of the circumstances support the trial court's findings that appellant's statements were
voluntary and neither coerced nor induced by promise or benefit.

 In his fifth point of error, appellant contends the trial court erred in failing to
suppress his confessions due to prosecutorial misconduct. Appellant's complaint is directed
toward the pre-trial conduct of Keel. Appellant states that he knows of no standard by which
prosecutorial misconduct is disapproved by appellate courts, but asks that his confessions be
suppressed as a method of precluding such conduct in the future. In support of his position,
appellant cites sections of the Texas Rules of Professional Conduct and A.B.A. Standards Relating
to the Administration of Justice.

 Our disposition of points of error three and four are dispositive of assertions that
Keel's conduct induced the confession. Assuming that Keel's conduct constituted violations of
ethical rules, such violations have not resulted in the suppression of evidence. See Pannell v.
State, 666 S.W.2d 96, 98 (Tex. Crim. App. 1984). The Pannell court held:



[W]e now hold that the disciplinary rules of the Code of Professional
Responsibility are not laws of the State of Texas as were contemplated by Article
38.23 [Code of Criminal Procedure]. Thus, violation of one of these disciplinary
rules in obtaining evidence for a criminal proceeding will not bar introduction of
that evidence at trial. We agree with our brothers in the federal system that such
ethical violations are to be dealt with by means of the administrative mechanisms
specially established for dealing with such unethical conduct.



Id. Appellant's fifth point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Kidd, B. A. Smith and Davis*

Affirmed

Filed: September 14, 1994

Do Not Publish















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).