**Gilberto Ortega GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 59404.

Court of Criminal Appeals of Texas, Panel No. 2.

Jan. 10, 1979.

Rehearing En Banc Denied March 7, 1979.

John J. C. O'Shea, Lubbock, for appellant.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from an order revoking probation. The appellant was convicted for possession of more than four ounces of marihuana. The punishment assessed was imprisonment for three years; the imposition of sentence was suspended and the appellant was granted probation.

The trial court revoked appellant's probation and pronounced sentence after finding that the appellant had possessed more than four ounces of marihuana in violation of a condition of his probation that he commit no offense against the laws of this State.

The appellant challenges the validity of two search warrants used by police officers who searched his residence and seized over forty marihuana plants. The officers obtained the two search warrants at the same time from the same magistrate. One warrant purported to authorize a search for alcoholic beverages possessed for the purpose of unlawful sale and the other a search for drugs and dangerous drugs unlawfully possessed. Both relied on information supplied by an unnamed informer. Appellant contends that the warrant for alcoholic beverages is defective because the affidavit upon which it is based fails to satisfy the requirements of *Aguilar v. Texas*, 378 U.S.

108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and contains false statements made by the affiants. He contends that the warrant for drugs or dangerous drugs is defective because it is a constitutionally proscribed general warrant; it fails to satisfy the second requirement of *Aguilar, supra;* and it contains false statements made by affiants. Appellant also contends that even if the drug warrant is valid, the search is irreparably tainted by the defective alcoholic beverages warrant.

■ We agree with appellant that the warrant for alcoholic beverages is invalid. The affidavit for that warrant does not state when the officers received the information from their informer nor when the informer obtained his information that alcoholic beverages were kept on the appellant's premises for the purpose of unlawful sale. In order to support the issuance of a search warrant the affidavit must show that the act or event upon which probable cause is based occurred within a reasonable time prior to the making of the affidavit. *Hall v. State*, 171 Tex.Cr.R. 227, 347 S.W.2d 262 (1961); 37B Tex.Jur., Searches and Seizures, Sec. 12, p. 461 and cases there cited. As no such showing was made in the affidavit used to obtain the search warrant for alcoholic beverages, that warrant is invalid.

The lawfulness of the seizure of marihuana, then, depends on the validity of the other search warrant. The appellant initially asserts that the warrant is insufficient because it is a general warrant not meeting constitutional requirements.

The Fourth Amendment to the Constitution of the United States provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, *and particularly describing the place to be searched, and the persons or things to be seized.*" (Emphasis added.)

Art. I, Sec. 9 of the Constitution of this State provides:

"The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue *without describing them as near as may be,* nor without probable cause, supported by oath or affirmation." (Emphasis added.)

The affidavit which supports and which is incorporated in the search warrant in question describes the things to be seized as ". . . drugs or dangerous drugs . . being unlawfully kept and possessed . . ." If this description is found to be unconstitutionally vague or "general" under the particularity of description requirements above, the warrant must be held invalid.

The United States Supreme Court has held that the Fourth Amendment prohibits general warrants which fail to particularly describe the property to be seized, and allow "general, exploratory rummaging in a persons's belongings." *Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976), quoting from *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The reason for this requirement was aptly stated in *Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927):

"The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant."

And see *Stanford v. Texas*, 379 U.S. 476, 485, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965).

■ The requirements for a sufficiently particular description can vary according to the thing being described. Books, papers, records, and documents; i. e., those things subject to First Amendment concerns, must be described with greater particularity than other things. In *Stanford v. Texas, supra*, the description ". . . books, records, pamphlets, cards, receipts, lists, memoranda, pictures, recordings and other written

instruments concerning the Communist Party in Texas" was found to be "unconstitutionally intolerable." See also *Marcus v. Search Warrant*, 367 U.S. 717, 731, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961). At the same time, however, the Supreme Court in *Stanford* stated that it did not decide whether the description would have been too general had the things been weapons, narcotics, or "cases of whiskey." The latter description was upheld as sufficiently particular in *Steele v. United States*, 267 U.S. 498, 504, 45 S.Ct. 414, 69 L.Ed. 757 (1925).

In reviewing federal cases and cases from this State and other states, it can generally be said that papers, books, records, etc., and property alleged to be stolen must be described more specifically than unlawfully possessed liquor and controlled substances. The papers, books, records, etc., necessitate a particular description because they are subject to stricter scrutiny under the First Amendment. The rule that stolen property should be described more particularly than liquor or controlled substances follows from the notion that if the search is for specific property, that property should be described so as to preclude the possibility of seizing something different; whereas in a search for property of a specified character which by reason of its character is illegal, such a specific description is unnecessary and ordinarily impossible. See Cornelius on The Law of Search and Seizure, Sec. 122, p. 331–332; 79 C.J.S. Searches and Seizures § 81c, p. 895 and the cases there cited; *Cagle v. State*, 147 Tex.Cr.R. 354, 180 S.W.2d 928 (1944); *People v. Prall*, 314 Ill. 518, 145 N.E. 610 (1924).

Applying this reasoning, the United States Court of Appeals for the First Circuit recently held that "certain 8-track electronic tapes and tape cartridges which are unauthorized 'pirate' reproductions" was an overbroad description offering no guidance to officers as to which tapes were pirated, or how the "pirate" tapes were to be differentiated from the legitimate tapes. *United States v. Klein*, 565 F.2d 183 (1st Cir. 1977). The California Court of Appeals has held that the designation "stolen property" is too general, *Thompson v. Superior Court of Tulare County*, 70 Cal.App.3d 101, 138 Cal. Rptr. 603 (1977), as is "merchandise stolen," *Lockridge v. Superior Court*, 275 Cal.App.2d 612, 80 Cal.Rptr. 223 (1969). And see the cases cited in 68 Am.Jur.2d, Searches and Seizures, Sec. 82, p. 736.

On the other hand, the generic description "intoxicating beverages" is usually held sufficiently particular for a warrant for alcoholic beverages. See *Steele v. United States, supra; Parrack v. State*, 154 Tex. Cr.R. 532, 228 S.W.2d 859 (1950); *Lea v. State*, 181 Tenn. 378, 181 S.W.2d 351 (1944); *State v. Nejin*, 140 La. 793, 74 So. 103 (1917); Cornelius on The Law of Search and Seizure, Sec. 122, p. 332.

Regarding controlled substances, the term "narcotics paraphernalia" has been held sufficiently particular, *People v. Henry*, 173 Colo. 523, 482 P.2d 357 (1971), as has "a quantity of loose heroin," *United States v. Tucker*, 262 F.Supp. 305 (S.D.N.Y.1966). Contrary to the general rule (see 68 Am. Jur.2d, Searches and Seizures, Sec. 82, p. 736), courts have also upheld the seizure of controlled substances and dangerous drugs under warrants whose descriptions make statutory references. Compare, e. g., *Ex parte Gomez*, 389 S.W.2d 308 (Tex.Cr.App. 1965), cert. denied 386 U.S. 937, 87 S.Ct. 958, 17 L.Ed.2d 810 (1967) ("Narcotic Drugs and Narcotic Paraphernalia unlawfully possessed in violation of the Uniform Narcotic Drug Act, being Article 725b of Vernon's Annotated Penal Code, State of Texas."); *People v. Leahy*, 173 Colo. 339, 484 P.2d 778 (1970) ("any and all narcotics and dangerous drugs as defined by the applicable Colorado Statutes, the possession of which is illegal."); *People v. Schmidt*, 172 Colo. 285, 473 P.2d 698 (1970); ("Marijuana, (Cannabis Sativa L.) Dangerous Drugs, Stimulant Drugs, and Hallucinogenics, as defined in House Bill # 1021 . . ."); and *State v. Hamilton*, 236 N.W.2d 325 (Iowa, 1975) ("any and all controlled substances as defined in [Chapter] 205 of the 1973 Code of Iowa.").

Generic descriptions without express statutory references have also been approved:

*State v. Quintana*, 87 N.M. 414, 534 P.2d 1126 (N.M.App.1975) ("any and all controlled substances which may be kept there contrary to law."); *State v. Stewart*, 129 Vt. 175, 274 A.2d 500 (Vt.1971) ("contraband, to wit, regulated drugs."); *State v. Salinas*, 18 Wash.App. 455, 569 P.2d 75 (1977) ("controlled substances known as scheduled and legend drugs.") These descriptions, although they do not make explicit reference to controlled substances statutes, nevertheless limit their scope to substances contained within the statutes by specifying that the substances sought are "controlled substances," "regulated drugs," and "scheduled and legend drugs." These are implicit statutory references. The New Mexico Court of Appeals acknowledged this in *State v. Quintana, supra*, at 534 P.2d 1130:

> "The words, 'controlled substances . . contrary to law', used in the warrant have a definite meaning in that they refer to certain and definite lists of drugs and their derivatives. Nothing was left to the discretion of the Officers. They were commanded to seize any of the items on those lists present on the premises contrary to law, nothing else. Heroin is one of the drugs listed, and it was heroin that the officers seized."

█ The description in this case, "drugs or dangerous drugs . . . unlawfully kept and possessed," is similar to the latter class of descriptions, although it is not expressed specifically in terms of "controlled substances" or "dangerous drugs" as defined and listed in the Controlled Substances Act of this State. It also includes the general term "drugs," which is not defined in the act. However, the description is limited to drugs or dangerous drugs "unlawfully kept or possessed," which achieves the same result of limiting the scope of the search to drugs which cannot be lawfully possessed in this State. Such drugs are listed and defined in the Controlled Substances Act. Thus the warrant in this case leaves no more to the discretion of the searching officers than the warrant approved in *State v. Quintana, supra*, or the other warrants whose descriptions make implicit statutory references.

We conclude that the warrant for drugs or dangerous drugs in this case is not a general warrant in contravention of the Fourth Amendment to the Constitution of the United States and Art. I, Sec. 9 of the Texas Constitution. The trial court did not err in admitting the marihuana seized.

█ Appellant contends that the affidavit for the search warrant for drugs fails to state sufficient facts for a neutral magistrate to determine that the affiant correctly concluded that his informer was credible or his information reliable, as required by *Aguilar, supra*. The affidavit reads in part: "Affiant has received information from said reliable and credible informant, on previous occasions and such information has proven to be true and correct." Appellant urges that the affiant does not specify the type of information received, or state that the informer has been used in similar drug seizure cases before. Such specific information is not required, however; when an unnamed informer is relied upon, his credibility can be established under *Aguilar* by alleging that the informer has proven reliable on prior occasions. *Avery v. State*, 545 S.W.2d 803 (Tex.Cr.App.1977); *Curtis v. State*, 519 S.W.2d 883 (Tex.Cr.App.1975); *Morgan v. State*, 516 S.W.2d 188 (Tex.Cr. App.1974); *Hegdal v. State*, 488 S.W.2d 782 (Tex.Cr.App.1972). And see *Gonzales v. Beto*, 425 F.2d 963, 968 (5th Cir. 1970), cert. denied, 400 U.S. 928, 91 S.Ct. 194, 27 L.Ed.2d 189 (1970). The allegation in this affidavit is sufficient.

█ Next, appellant contends that the search in his case was based on the "combined authority" of both the alcoholic beverages and drug warrants, and that the partial reliance on the defective alcoholic beverages warrant renders the search and subsequent seizure of marihuana invalid. The record indicates that the warrants were issued simultaneously, and the two officers who obtained the warrant testified that they relied on and were mainly concerned with the drug warrant. The information the officers obtained from the informer

concerned marihuana, not alcohol; the officers testified that they only wanted the alcoholic beverages warrant so they would be "covered" in case appellant possessed alcoholic beverages unlawfully for sale, as he had in the past. This evidence establishes that the drug warrant was independently issued and was not based on the alcoholic beverages warrant. The search for and seizure of the marihuana was carried out under the exclusive authority of the drug warrant, not under the combined authority of both warrants as appellant suggests.

Appellant attacks the validity of the drug warrant on the basis that the accompanying affidavit contains "knowingly made false statements." Appellant points to no statement in the affidavit which he believes to be false. He asserts that one affiant's swearing to the facts in the affidavit is an untruth because the affiant never actually conversed with the informer, but signed the affidavit on the basis of information received from the other affiant. The affidavit is not rendered invalid because the other affiant also swore to the facts, as evidenced by his signature. One signature under oath is sufficient to comply with the requirement that the affidavit be sworn to before the magistrate. Art. 15.03, V.A.C.C.P.; *Barnes v. State*, 504 S.W.2d 450 (Tex.Cr.App.1974).

Appellant's final contention is that the application of the rule that the courts of this State will not go behind the allegations in an affidavit accompanying a search warrant denies him equal protection of the laws under the Constitution of the United States. He asserts that the rationale for the rule is to protect the identity of informers and that in this case he was not attempting to reveal the informer's identity. Appellant cites no authority, and in view of the facts in this case, we overrule this ground of error.

The judgment is affirmed.