COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-464-CR
KEVIN BLACKBURN                                                                                
APPELLANT
V.
THE STATE OF TEXAS                                                                            
STATE
------------
FROM THE 362
ND DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Kevin Blackburn appeals from his
conviction for manufacture of 400 grams or more of methamphetamine. We will
affirm.
Sufficiency of Evidence
In his seventh point, appellant challenges
the legal sufficiency of the evidence to establish that the total weight of the
methamphetamine he had manufactured was 400 or more grams.
In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict. Cardenas v. State, 30 S.W.3d 384, 389-90
(Tex. Crim. App. 2000); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.
Crim. App. 1992), cert. denied, 507 U.S. 975 (1993). The critical
inquiry is whether, after so viewing the evidence, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App.), cert. denied, 522
U.S. 844 (1997).
The indictment alleged that, on March 23,
2001, appellant had manufactured "a controlled substance, namely,
methamphetamine, in an amount of four hundred (400) grams or more by aggregate
weight including any adulterants and dilutants." A chemist from the Texas
Department of Public Safety testified that the aggregate weight of the various
powder exhibits she had tested was 5.72 grams, and the aggregate weight of the
two liquid exhibits she had tested was 824.15 grams. The chemist testified that
these weights included adulterants and dilutants, as well as any "reaction
by-products" resulting from the manufacturing process.
Appellant contends that, because the State
failed to prove that the reaction by-products were "immediate
precursors"(2) of the methamphetamine, the
State cannot rely on the total calculated weights of the exhibits to prove the
weight of the controlled substance, including any adulterants and dilutants. The
indictment did not allege, however, nor did the State seek to establish, that
the reaction by-products were immediate precursors of the methamphetamine.
Appellant's reliance on Dowling v. State, 885 S.W.2d 103, 107-09 (Tex.
Crim. App. 1992) (op. on reh'g), Cawthon v. State, 849 S.W.2d 346,
348-49 (Tex. Crim. App. 1992) (op. on reh'g), and Reeves v. State, 806
S.W.2d 540, 542 (Tex. Crim. App. 1990) (op. on reh'g), cert. denied,
499 U.S. 984 (1991) is misplaced. The judicially-created definitions of
"controlled substance" and "adulterants and dilutants" in
these cases had all been superseded by statute by the time of the charged
offense. See Jackson v. State, No. 12-01-061-CR, slip op. at 3-5, 2002
WL 1699895, at *2-3 (Tex. App.--Tyler July 24, 2002, pet. ref'd); Williams
v. State, 936 S.W.2d 399, 405 (Tex. App.--Fort Worth 1996, pet. ref'd).
The term "controlled substance"
now includes the aggregate weight of any mixture, solution, or other substance
containing a controlled substance. Tex. Health & Safety Code Ann. §
481.002(5). "Adulterant or dilutant" means "any material that
increases the bulk or quantity of a controlled substance, regardless of its
effect on the chemical activity of the controlled substance." Id.
§ 481.002(49). Both of these definitions are broad enough to encompass the
reaction by-products about which the DPS chemist testified. Because the evidence
shows that the State proved exactly what was alleged in the indictment--that
appellant had manufactured 400 grams or more of a controlled substance,
including adulterants and dilutants--the evidence is legally sufficient to
support appellant's conviction. We overrule appellant's seventh point.
Pretrial Motion to
Suppress
In his first point, appellant complains
that the trial court improperly overruled his pretrial motion to suppress the
evidence the police obtained pursuant to a search warrant. Appellant asserts
that: the affidavit on which the warrant was based did not establish probable
cause of criminal activity at the 903 Lindsey Street residence where the
evidence was seized; the information the confidential informant provided the
affiant was not sufficiently corroborated because the informant failed to tell
the police officers the specific location of the Lindsey Street residence and
failed to state that the informant had in fact seen appellant manufacture
methamphetamine; and the items to be seized were not described with sufficient
particularity in the probable cause affidavit.
Whether the facts alleged in a probable
cause affidavit sufficiently support a search warrant is determined by examining
the totality of circumstances. Illinois v. Gates, 462 U.S. 213, 228-29,
103 S. Ct. 2317, 2326-27 (1983); Ramos v. State, 934 S.W.2d 358, 362-63
(Tex. Crim. App. 1996), cert. denied, 520 U.S. 1198 (1997). We review a
trial court's probable cause determination de novo, giving great deference to
the magistrate's decision concerning whether a substantial basis for probable
cause exists. State v. Duncan, 72 S.W.3d 803, 806-07 (Tex. App.--Fort
Worth 2002, pet. dism'd). The allegations in the affidavit are sufficient if
they would justify a conclusion that the object of the search is probably on the
premises. Ramos, 934 S.W.2d at 363.
We have carefully reviewed the affidavit
at issue here and hold that the affidavit establishes probable cause and
describes with particularity the items to be seized. See id.; Gonzales
v. State, 577 S.W.2d 226, 230 (Tex. Crim. App. [Panel Op.]), cert.
denied, 444 U.S. 853 (1979); Hammond v. State, 898 S.W.2d 6, 8
(Tex. App.--Dallas 1995, no pet.); King v. State, 856 S.W.2d 610, 612
(Tex. App.--Waco 1993, no pet.). We overrule point one.
Jury Charge
The court's charge instructed the jury:
"It is not required that the prosecution proves guilt beyond all possible
doubt; it is required that the prosecution's proof excludes all reasonable doubt
concerning the defendant's guilt." In his second point, appellant contends
that this instruction is an improper comment on the weight of the evidence and
is contrary to the court of criminal appeals' decision in Paulson v. State,
28 S.W.3d 570 (Tex. Crim. App. 2000). We have previously rejected this argument
based on an identical jury instruction. Vosberg v. State, 80 S.W.3d
320, 324 (Tex. App.--Fort Worth 2002, pet. filed). We overrule point two.
Challenge for Cause
In his third point, appellant complains
that the trial court improperly granted the State's challenge for cause of a
potential juror who stated during voir dire that he "had a problem"
with the minimum penalty of fifteen years because that was a "hell of a
long time" and that he considered the maximum penalty of life
"ridiculous." His response to the court's question, "[C]an you
consider the entire range [of punishment]" was "I don't think
so"; his response to a similar question from defense counsel was,
"Yes. . . . I guess I could."
To obtain a reversal because of an error
in the trial court's granting of a State's challenge for cause, an appellant
must show that the error actually deprived him of a fair and impartial jury. Ladd
v. State, 3 S.W.3d 547, 562 (Tex. Crim. App. 1999), cert. denied,
529 U.S. 1070 (2000). Appellant makes no such showing here; therefore, without
reaching the question of whether the trial court erred, we overrule point three.
See id.
Excluded Evidence
During the guilt-innocence phase of trial,
appellant called Sarah Stanton as a witness. Stanton testified that she had
lived with appellant from 1998 through August 2000 and then from January 2001
through the date of trial. During Stanton's testimony, appellant attempted to
admit into evidence a card showing that he and Stanton had car insurance
together and a lease showing that they had leased a residence together in August
2001. The trial court sustained the State's hearsay objections to both documents
and the State's relevance objection to the lease. In his fourth point, appellant
contends the trial court improperly excluded this evidence.
Hearsay is a statement, other than one
made by the declarant while testifying at the trial or hearing, offered in
evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d).
Appellant argues that the proffered documents were not hearsay because he did
not offer them to prove the matters asserted therein, but to show that he and
Stanton were living together at a residence other than 903 Lindsey Street. This
argument is waived because appellant did not raise it in the trial court. Tex.
R. App. P. 33.1(a); Tex. R. Evid. 103(a).
Appellant also contends that the documents
were not hearsay because Stanton could identify them by her signature or other
means of recognition. This argument is waived as to the lease because appellant
did not raise it below. In addition, appellant does not explain how Stanton's
recognition of the insurance card would have caused it to be other than what it
was: an out-of-court statement by an insurance company that Stanton and
appellant had car insurance. See Tex. R. Evid. 801(d). We hold that the
trial court did not abuse its discretion by excluding the insurance card. See
Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). We overrule
point four.
Impeachment Testimony
During guilt-innocence, the State asked
Stanton whether she had a bias against the Denton County District Attorney's
Office because she was unhappy with the way that office was handling a case in
which she was the victim. See Tex. R. Evid. 613(b). When Stanton denied
that she had such a bias, the trial court allowed the State to elicit from
Stanton testimony that she was the victim of an assault on May 31, 2000; she
reported to a police officer and signed an affidavit stating that someone had
struck her in the mouth, causing her injuries; and that she asked the district
attorney's office to drop the case because she had caused her own injuries.
Appellant timely objected to this testimony on the basis that it was irrelevant,
immaterial, and did not establish bias or prejudice against the district
attorney's office.
The State has not explained, either in the
trial court or on appeal, how this testimony is relevant to show Stanton's bias
or prejudice against the district attorney's office. Even if the trial court
improperly admitted Stanton's testimony, however, we conclude that, in the
context of the entire case against appellant, the error did not have a
substantial or injurious affect on the jury's verdict and did not affect
appellant's substantial rights. See King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S.
750, 776, 66 S. Ct. 1239, 1253 (1946)). Thus, we disregard the error, if any.
See Tex. R. App. P. 44.2(b). We overrule appellant's fifth point.
Oral Motion to Suppress
During the punishment phase of trial, the
trial court denied appellant's oral motion to suppress and admitted evidence
obtained from the warrantless search of a vehicle in which appellant was a
passenger and from the search of a storage facility that was leased to
appellant. In his sixth point, appellant asserts that the trial court improperly
denied his motion to suppress because: (1) the affidavit supporting the search
warrant for the storage shed did not establish probable cause; (2) the
information in the affidavit supplied by an anonymous tipster was not
sufficiently corroborated; (3) the use of a dog for a drug sniff was an illegal
seizure; (4) the traffic stop of the vehicle was invalid because it was not
based on reasonable suspicion; and (5) the inventory search of the vehicle was
improper because it was conducted prior to any arrest.
Based on our careful review of the
affidavit, we hold that the trial court did not err by concluding that the
affidavit was sufficient to support the issuance of a search warrant. See
Gates, 462 U.S. at 230-33, 103 S. Ct. at 2328-29; Ramos, 934
S.W.2d at 362-63. The anonymous informant's tip was corroborated with
independent police investigation sufficient to establish the tip's veracity and
reliability, and the affidavit as a whole establishes a fair probability that
evidence of methamphetamine manufacturing would be found in the storage
facility. See Gates, 462 U.S. at 237-38, 103 S. Ct. at 2332.
Regarding appellant's other challenges to
the trial court's ruling, an exterior or open air dog sniff is not a search
within the meaning of the Fourth Amendment, and appellant does not cite any
authority for his assertion that the sniff was a seizure. See United States
v. Place, 462 U.S. 696, 707, 103 S. Ct. 2637, 2644-45 (1983); Mohmed v.
State, 977 S.W.2d 624, 628 (Tex. App.--Fort Worth 1998, no pet.). In
addition, the vehicle's malfunctioning tail lights and unnecessary movements
onto the shoulder of the road were traffic offenses, for which there was
reasonable suspicion sufficient to initiate a traffic stop. Tex. Transp. Code
Ann. §§ 545.058(a), 547.322(a) (Vernon 1999); McVickers v. State, 874
S.W.2d 662, 664 (Tex. Crim. App. 1993); Rubeck v. State, 61 S.W.3d 741,
745 (Tex. App.--Fort Worth 2001, no pet.) (op. on reh'g). Finally, appellant
lacks standing to complain about the officers' search of the vehicle in which he
was a passenger because he conceded below that he did not have an ownership or
possessory interest in the vehicle or its contents. See Meeks v. State,
692 S.W.2d 504, 510 (Tex. Crim. App. 1985); Metoyer v. State, 860
S.W.2d 673, 677 (Tex. App.--Fort Worth 1993, pet. ref'd). Accordingly, we hold
that the trial court did not err in denying appellant's motion to suppress. See
Corbin v. State, 85 S.W.3d 272, 276 (Tex. Crim. App. 2002); Duncan,
72 S.W.3d at 806-07. We overrule appellant's sixth point and affirm the trial
court's judgment.
 
                                                                               
PER CURIAM
 
PANEL F: CAYCE, C.J.; HOLMAN and GARDNER,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[Delivered February 20, 2003]

1. See Tex. R. App. P. 47.4.
2. See Tex. Health & Safety Code Ann. §
481.002(22) (Vernon Supp. 2003).