Opinion Issued November 18, 2004





 

 
     







In The
Court of Appeals
For The
First District of Texas




NOS. 01-03-00914-CR
          01-03-00913-CR




NICANOR ROCHA GONZALES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause Nos. 898323 & 951500




MEMORANDUM OPINION

          A Harris County grand jury signed two true bills of indictment, accusing 
appellant, Nicanor Rocha Gonzales, of the felony offenses of possession of cocaine
with intent to deliver and unlawful possession of a firearm within five years of release
from confinement.


 Gonzales moved to suppress the evidence seized as a result of
execution of a search warrant. After an evidentiary hearing, the trial court overruled
his motion to suppress. Gonzales then waived his privilege against self-incrimination, his right to a trial by jury, and his right to confrontation. He entered
into a stipulation of evidence, and judicially confessed that the acts alleged in both
indictments were true and correct. Based upon the stipulation, the trial court found
Gonzales guilty of both offenses and sentenced him to thirty-five years’ and twenty
years’ confinement, with the sentences to run concurrently. On appeal, Gonzales
contends that: (1) the trial court erred in denying his motion to suppress because the
search warrant is facially defective; (2) the trial court erred in denying his motion to
suppress because police failed to “knock and announce” before entering his home in
violation of the Texas and United States Constitutions; and (3) he received ineffective
assistance of counsel. We affirm. 
Facts
          After a surveillance period, Deputy Dan Shattuck of the Harris County
Sheriff’s Department obtained from a magistrate a search warrant for Gonzales’s
residence in Houston from a magistrate. Deputy Shattuck and several other law
enforcement officers executed the warrant in the early afternoon of January 4, 2002. 
 The officers wore either uniforms or raid jackets that identified them as law
enforcement officers. 
          Before approaching Gonzales’s home, Deputy Shattuck briefed the raid team
during a fifteen-to thirty-minute meeting down the street. In the meeting, Deputy
Shattuck informed the officers that Gonzales could have weapons inside his residence
because Gonzales previously had been convicted of possession of a firearm, found
at the same residence. 
          As the raid team arrived at the residence, the officers observed a large group
of persons standing in the front yard. Many persons began running in different
directions, and at least one person ran into the home through an open front door. Law
enforcement officers detained several individuals. Upon entering the house, the raid
team announced its presence, but no one knocked on the door to Gonzales’s
residence. The raid team discovered cocaine and firearms inside Gonzales’s home. 
Motion to Suppress
Facially Defective Warrant
          A search warrant must describe with particularity the things and property to be
seized. See U.S. Const. amend. IV; see also Groh v. Ramirez, 540 U.S. 551, 124 S.
Ct. 1284, 1289 (2004); Gonzales v. State, 577 S.W.2d 226, 228-29 (Tex. Crim. App.
1979). Gonzales contends that the trial court abused its discretion in admitting
evidence derived from a “facially defective” search warrant. Gonzales concedes that
the search warrant in this case adequately describes the premises to be searched, but
he asserts on appeal that the search warrant fails to adequately describe the items to
be seized. In his brief, Gonzales further states that the search warrant fails to
command or even give authority to the officers to seize anything at his residence. 
          The State responds that the warrant is not facially defective and, moreover,
Gonzales failed to properly preserve this issue for appeal. In order to preserve error
on appeal, a party must make a specific objection and obtain a ruling from the trial
court, or object to the trial court’s refusal to rule. Tex. R. App. P. 33.1. Arguments
on appeal must comport with the objection at trial, or the error is waived. Dixon v.
State, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998); Broxton v. State, 909 S.W.2d 912,
918 (Tex. Crim. App. 1995). This is true even when the complaint is on
constitutional grounds. Espinosa v. State, 29 S.W.3d 257, 260 (Tex. App.—Houston
[14th Dist.] 2000, pet. ref’d). 
          After reviewing Gonzales’s two motions to suppress, along with the hearing
transcripts, we conclude that Gonzales did not preserve his argument that the warrant
is facially defective. In his second motion to suppress, Gonzales broadly seeks to
suppress all evidence seized as a result of the search warrant because the execution
of the warrant violates the Fourth Amendment of the United States Constitution,
Article I, Sections 9, 10, and 19 of the Texas Constitution, and Articles 1.04, 1.06, 18,
and 38.23 of the Texas Code of Criminal Procedure. At the suppression hearing,
defense counsel focused on the execution of the search warrant only. Gonzales did
not assert a timely, specific objection to the failure of the search warrant to describe
with particularity the things to be seized in the trial court. We therefore conclude that
he failed to properly preserve his first issue for appeal. See Tex. R. App. P. 33.1.
Failure to Knock and Announce 
          In his second and third issues, Gonzales asserts that the trial court erred in
denying his motion to suppress because the raid team failed to knock and announce
their presence at his residence, thereby rendering the search unreasonable under both
the United States and Texas Constitutions. See U.S. Const. amend. VI, Tex. Const.
art. 1, § 9.
          In reviewing a trial court’s ruling on a motion to suppress, we apply the
bifurcated standard of review articulated in Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997). We defer to a trial court’s determination of historical facts, and
review de novo the trial court’s application of the law of search and seizure. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000) (citing Guzman, 955
S.W.2d at 88-89). If the issue involves the credibility of a witness, we give greater
deference to a trial court’s ruling, as a trial court is in a better position to evaluate the
credibility of witnesses before it. Guzman, 955 S.W.2d at 87-89. If the trial court is
called upon to apply the law to the facts, and the ultimate resolution of the issue does
not turn on an evaluation of the credibility and demeanor of a witness, we review that
issue de novo. Id. at 89. 
          Here, in denying the motion to suppress, the trial court made specific findings
of fact. The trial court found that the officers wore readily identifiable raid gear at
the time of the raid; the officers exited their cars and identified themselves as police
officers; and the officers announced that they were executing a search warrant. The
trial court further found that, as the officers approached the house, the front door to
the house was open and a person, most likely a child, entered Gonzales’s residence
through the front door. It appeared to the officers that the person entering the house
made their identity and purpose known to the occupants inside the house. The trial
court ultimately concluded that knocking and announcing would have been a futile
effort.
          The United States and Texas Constitutions protect citizens from an
unreasonable search and seizure. U.S. Const. amend. 4, Tex. Const. art. 1, § 9. 
Gonzales contends that the protection under the Texas Constitution affords greater
protection than the Fourth Amendment, but nonetheless asks that we interpret the two
provisions consistently. 
          The United States Supreme Court held in Wilson v. Arkansas, 514 U.S. 927,
934, 115 S. Ct. 1914, 1918 (1995) that the common law knock and announce rule
forms a part of the reasonableness inquiry under the Fourth Amendment. The Wilson
decision however, did not discuss the circumstances in which a court could excuse
the failure to knock and announce. 514 U.S. at 936, 115 S. Ct. at 1919. Two years
later, in Richards v. Wisconsin, the Supreme Court held that “in order to justify a ‘no-knock’ entry, the police must have a reasonable suspicion that knocking and
announcing their presence, under the particular circumstances, would be dangerous
or futile, or that it would inhibit the effective investigation of the crime, by, for
example, allowing the destruction of evidence.” 520 U.S. 385, 394, 117 S. Ct. 1419,
1421-22 (1997). Richards also requires particularized evidence to justify the no-knock entry into one’s residence. Price v. State, 93 S.W.3d 358, 366 (Tex.
App.—Houston [14th Dist.] pet. ref’d). 
          The State does not dispute that the raid team failed to knock and announce
before entering Gonzales’s residence. Rather, the State contends that the search is
lawful under the circumstances, because knocking and announcing in this case falls
within all three of the exceptions articulated in Richards. 520 U.S. at 394, 117 S. Ct.
at 1421-22. That is, to knock and announce in this case would have been futile,
dangerous, and would have allowed for the destruction of the narcotics inside
Gonzales’s residence.
          In order for us to find that the knock and announce requirement would have
been futile, the State must demonstrate particular evidence of the particular
circumstances that justify the no-knock entry. See id, at 394-95, 117 S. Ct. at 1421. 
The trial court in this case found that knocking and announcing would have been
futile, because the door was open and a person in the doorway observed the officers
outside Gonzales’s residence. We defer to the trial court’s determination of historical
facts. Guzman, 955 S.W.3d at 89. The record supports the trial court’s finding that
announcing their presence, after being observed by people in the yard and at least one
person in the home, would have been futile under these circumstances. We thus hold
that the trial court did not abuse its discretion in denying the motion to suppress. Ineffective Assistance of Counsel
          In his final issue, Gonzales contends that his trial attorney failed to render
effective assistance of counsel because he failed to object in the trial court that the
search warrant is facially defective, and, therefore, failed to preserve the error for
appeal. To prevail on a claim of ineffective assistance of counsel, a defendant must
show (1) that his counsel’s performance was deficient, and (2) there is a reasonable
probability that the result of the proceeding would have been different. Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). 
          The first prong of Strickland requires the defendant to show that counsel’s
performance fell below an objective standard of reasonableness. Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Thus, a defendant must prove by a
preponderance of the evidence that his counsel’s representation objectively fell below
professional standards. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002). 
          The second prong requires the defendant to show a reasonable probability that,
but for counsel’s unprofessional errors, the result of the proceeding would have been
different. See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; see also Thompson, 9
S.W.3d at 812. The Court of Criminal Appeals has observed that the “purpose of this
two-pronged test is to judge whether counsel’s conduct so compromised the proper
functioning of the adversarial process that the trial cannot be said to have produced
a reliable result.” Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); see also
Thompson, 9 S.W.3d at 812-13 (citing McFarland v. State, 845 S.W.2d 824, 843
(Tex. Crim. App. 1992)). A reviewing court presumes, however, that counsel’s
conduct falls within the wide range of reasonable professional assistance; that is, a
defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065. Any allegation of ineffectiveness must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
Thompson, 9 S.W.3d at 813 (citing McFarland, 928 S.W.2d at 500).    Gonzales failed
to file a motion for a new trial concerning his counsel’s alleged deficiencies. The
record before us is thus silent as to the reasons or strategy behind Gonzales’s trial
counsel’s failure to object to the allegedly defective search warrant. Gonzales
contends that we may find that trial counsel’s reasonableness fell below an objective
standard of reasonableness as a matter of law, regardless of whether the record
adequately reflects trial counsel’s subjective reasons for failing to object to the search
warrant. Without a proper evidentiary record, however, it is extremely difficult to
show that trial counsel’s performance was deficient. See Gibbs v. State, 7 S.W.3d
175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). 
          Moreover, the search warrant in this case incorporates by reference the
affidavit of Deputy Shattuck listing the items he expected to find and seize in
Gonzales’s residence. A court may construe a warrant with reference to a supporting
application or affidavit if the warrant uses appropriate words of incorporation, and
if the supporting document accompanies the warrant. Groh v. Ramirez, 540 U.S. 551,
124 S. Ct. 1284, 1290 (2004). Thus, Gonzales’s trial counsel may have made a
strategic decision to not attack the search warrant on the particularity requirement,
and instead attack the search warrant on Fourth Amendment grounds. As Gonzales
states in his brief, his trial counsel filed a motion to suppress, moved for an
evidentiary hearing, vigorously cross-examined and impeached witnesses with prior
testimony, called witnesses in support of his Fourth Amendment argument,
aggressively argued his position and properly gave notice of appeal after obtaining
an adverse ruling. Without more in the record, Gonzales has failed to rebut the
presumption that his trial counsel’s representation was reasonable and the strategy
was sound. We conclude, therefore, that Gonzales did not receive ineffective
assistance of counsel and overrule his final issue.Conclusion
          We conclude that the trial court did not err in denying Gonzales’s motion to
suppress and that he did not receive ineffective assistance of counsel. We therefore
affirm the judgments of the trial court. 
 
 
                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).