NUMBER
13-04-019-CR AND 13-04-020-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

TANAYA MONTGOMERY,                                                               Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 24th District
Court

                                        of
Victoria County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








Appellant, Tanaya Montgomery, appeals her conviction
for the offenses of unlawful possession of marihuana[1]
and manufacture of a controlled substance.[2]  Montgomery received two concurrently-running
sentences of two years= imprisonment, suspended, and was placed on five
years= community supervision.  She complains on appeal that the trial court
erred in denying her motion to suppress evidence seized from her residence
because the affidavit supporting the search warrant that led to her arrest (1)
contained conclusory statements, (2) failed to establish probable cause, and
(3) failed to account for the broad scope of the search warrant.  Because we conclude that the trial court did
not err in denying Montgomery=s motion to suppress, we affirm. 

Standard of Review

We generally review a trial court's ruling on a
motion to suppress evidence using a bifurcated standard of review.  See State v. Ross, 32 S.W.3d 853, 856
(Tex. Crim. App. 2000) (citing Guzman v. State, 955 S.W.2d 85, 88‑89
(Tex. Crim. App. 1997)).  Under this
standard, we give great deference to the trial court's determination, expressed
or implied, of historical facts, if supported by the record, and generally
review de novo the court's application of the law to the facts.  Id. at 856.

Applicable Law








A warrant may be issued to search for and seize
property or items that are evidence of an offense or which tend to show that a
particular person committed an offense.  See Tex. Code Crim. Proc. Ann. art.
18.02(10) (Vernon Supp. 2004-05).  A
search warrant may not be issued for this kind of evidence unless supported by
a sworn affidavit that sets forth the following facts sufficient to establish
probable cause:  (1) a specific offense
has been committed; (2) the specifically described property or items that are
to be searched for or seized constitute evidence of that offense or evidence
that a particular person committed that offense; and (3) the property or items
constituting evidence to be searched for or seized are located at or on the
particular person, place, or thing to be searched.  Id. art. 18.01(c) (Vernon Supp. 2004-05).

The task of the magistrate issuing a search warrant
is to make a practical, common sense decision as to whether, given all the
circumstances set forth in the affidavit before him, there is a fair
probability that contraband or evidence of a crime will be found in a
particular place. Trevino v. State, 875 S.W.2d 373, 375 (Tex. App.BCorpus Christi 1994, no pet.) (citations
omitted).  An affiant must present the
magistrate with sufficient information so as to allow for a determination of
probable cause; a merely conclusory statement will not do.  Id.; see Illinois v. Gates, 462
U.S. 213, 238-39 (1983).  Although
sufficiency should be determined from the "four corners" of the
affidavit, the magistrate can make reasonable inferences from the facts
presented which then support a common sense conclusion.  Trevino, 875 S.W.2d at
376.   A magistrate is entitled to rely
upon information supplied by the police officer's own observations or through
other sources of information. Id.  








According to the standard of review applied to
questions of affidavit adequacy, the decision of the magistrate is to be
accorded deference by reviewing courts, and is only to be overruled if the
decision extends beyond the bounds of reasonable disagreement.  See Swearingen v. State, 143 S.W.3d
808, 811 (Tex. Crim. App. 2004). Furthermore, the decision of the trial
court at the suppression hearing regarding the adequacy of the warrant is to be
accorded deference by the appellate court.  See Hinojosa v. State, 4 S.W.3d 240, 247
(Tex. Crim. App. 1999). 

Once a magistrate has determined that probable cause
exists in order to justify the issuance of a search warrant, the warrant must
be limited in scope and describe with particularity the items to be seized. See
Gonzales v. State, 577 S.W.2d 226, 228 (Tex. Crim. App. 1979).  A Ageneral warrant@ that does not describe items to be seized with
particularity is invalid as it violates a person=s
constitutional rights.  See id.; see
also State v. Tipton, 941 S.W.2d 152, 154 (Tex. App.BCorpus Christi 1996, pet. ref=d).

Analysis

The affidavit for the search warrant in question
begins by noting the extensive experience in narcotics investigations possessed
by the author of the affidavit, then describes appellant=s residence and the various investigatory activities
undertaken.  The affidavit states that
the house is owned by appellant and that Kelvin AScrappy@ Montgomery, a suspected high-level narcotics
trafficker already under investigation by the Victoria Police Department and
Sheriff=s Office, had been seen at appellant=s house.  It
also states that the Special Crimes Unit of the Victoria Police Department had
received information that Kelvin had recently moved his crack cocaine
manufacturing and sales operation to appellant=s
home.  








The affidavit then details how certain police
officers, including the affiant, repeatedly surveilled appellant=s home and searched her garbage when it was placed
on the curb for trash collection.  The
garbage revealed cigar boxes, loose tobacco and marijuana seeds, which led the
affiant to believe, based on his prior narcotics experience, that the occupants
of the house had been producing Ablunts,@ marijuana-filled cigars.  Investigators also found a quart-size plastic
bag containing a white powdery residue in appellant=s trash.  A
field test of the bag was positive for cocaine. 
The affiant noted that: 

My training and experience has shown me that those
involved in the distribution of illegal narcotics will often ship and/or
receive those illegal narcotics in plastic bags . . . .  This size of this bag indicates possible
possession of a kilogram of cocaine.  In
a single container this quantity suggests that the suspect is involved in the
manufacture and delivery of cocaine.  A
kilogram amount of cocaine exceeds mere possession or personal use.  

 

We conclude this affidavit was not merely conclusory
in nature.  The affiant reported his
background knowledge and summarized the existing, ongoing investigation that
had initially led him to suspect the presence of ongoing narcotics activity at
appellant=s residence. 
The affidavit listed the actual investigatory activities that occurred
once appellant=s residence became a place of suspicion, and
reported the findings from appellant=s garbage in detail, further explaining the
significance of these findings based on known facts about the manufacture and
sale of illegal drugs.  We conclude that
the affidavit was sufficient to allow a magistrate to make a reasonable
determination as to probable cause.  See
Trevino, 875 S.W.2d at 375-76.

The search warrant that was issued by the magistrate
upon the findings sworn to in the affidavit allowed for the seizure of the
following:

1.  Any real,
personal, or tangible property to include but not limited to computers, boos
[sic], records, receipts, notes, ledger, bank records, money orders, computer
software, and other paper and electronic records . . . relating to the
purchase, transport, and/or distribution of controlled substances and proceeds
therefrom;

 

2.  Digital
and gravity scales, packaging and packaging devices, labels and labeling
devices, firearms, vehicles, trailers, houses, storage buildings, and/or land used
or intended to be used in commission of the above offenses;

 








3.  Any proceeds gained from the commission of
the above offenses;

 

4.
Any tangible property acquired with the proceeds gained from the commission of
the above offenses.

 

This list did not
constitute such a broad description of potentially seizable items so as to
constitute an invalid general warrant, because all of the items described could
potentially provide evidence relating to the suspected narcotics manufacturing
and distribution at the residence.  See
Gonzales, 577 S.W.2d at 228.

Appellant complains
that when things to be seized are items such as books, papers, records and
documents, and the reason for their seizure is Athe
ideas which they contain,@ First Amendment concerns arise and the warrant must
be accorded Athe most scrupulous exactitude.@  See
Stanford v. Texas, 379 U.S. 476, 485 (1965).  In this case, however, the search warrant did
not authorize the seizure of literary material because of the ideas contained
in the material. Rather, the warrant explicitly only authorized the seizure of
records pertaining to Athe purchase, transport, and/or distribution of
controlled substances and proceeds therefrom,@ and
was not meant to trigger First Amendment freedom of expression concerns.  See Porath v. State, 148 S.W.3d 402,
410 (Tex. App.BHouston [14th Dist.] 2004, no pet.).  

As the affidavit was
sufficient to support a finding of probable cause, and the resulting search
warrant was not overbroad in scope so as to constitute an invalid Ageneral warrant,@ we
conclude that the trial court did not err in denying appellant=s motion to suppress the results of the search
executed on the basis on the warrant.  See
Hinojosa, 4 S.W.3d at 247.  Appellant=s issue is overruled. 

Conclusion








The judgment of the trial court is
affirmed.                            

   


 

 

 

                                           

Rogelio
Valdez,

Chief
Justice

 

 

Do not publish.

TEX. R. APP. P. 47.2(b).

 

Memorandum Opinion
delivered and filed

this 4th
day of August, 2005.











[1]See Tex.
Health & Safety Code Ann. ' 481.121 (Vernon 2004).





[2]See id. ' 481.112 (Vernon 2004).