**AFFIRMED and Opinion Filed June 4, 2021**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-19-01268-CR**

**CHRISTOPHER SHAWN KINDLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-80402-2019**

# MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Carlyle

Christopher Kindle appeals his conviction for methamphetamine possession.

We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

On October 2, 2018, Detective Tyra Gabriel submitted an affidavit seeking a

warrant to search a house located at 1529 Sherrye Drive in Plano. She described her

training and experience as a narcotics investigator and testified she "received

information that narcotics activity had been occurring" at the house. Working

undercover, she and Detective Junwei Sun collected trash from bins placed in front

of the house on September 25, 2018. As they collected the trash, a man Detective

Gabriel recognized from a prior contact as a "known user of heroin," Nathaniel

Nguyen, walked out of the house and spoke to Detective Sun. Nguyen confirmed he lived at the house with his girlfriend.

The trash contained two used syringes with a brown liquid Detective Gabriel recognized as heroin residue, three used orange syringe caps with suspected heroin residue, and a "used clear pipe with burnt methamphetamine residue that yielded a positive field test." The trash also contained opened mail addressed to the Kindle family at 1329 Sherrye Drive in Plano,[1] with a post-office handling date of September 20, 2018.

On October 2, Detective Gabriel again collected trash from the front of the house, yielding five used syringes with heroin residue, four additional syringe caps, a plastic baggie containing "brown residue that field tested positive as heroin," and mail addressed to the house. Detective Gabriel testified she believed individuals occupying the house, including Nguyen, possessed heroin, and that "heroin, methamphetamine and drug paraphernalia are being concealed within the property."

The magistrate issued the warrant on October 2, and the Plano Police Department executed it that day. As officers cleared the house of occupants, they found Kindle sleeping in a bedroom. Under the pillows where he slept, detectives

---

[1] It is unclear from the record whether the affidavit mistakenly described the mail's address as 1329 Sherrye Drive instead of 1529 Sherrye Drive, or whether the person who addressed the mail made the mistake. In any event, given its location in the trash outside 1529 Sherrye Drive, it is objectively unlikely the mail was placed in a trash bin associated with 1329 Sherrye Drive.

found two baggies containing at least 6.87 grams of methamphetamine.[2] On the nightstand next to the bed, they found a scale with methamphetamine residue, a variety of used pipes and bongs, used syringes, empty pill capsules, and empty baggies. After officers cleared the room, one of the detectives asked Kindle whether the room was his, and Kindle replied: "That's where I was sleeping. Yeah."

The grand jury indicted Kindle on a charge of possessing, with intent to deliver, between four and 200 grams of methamphetamine, enhanced by two prior felony convictions. Kindle moved to suppress evidence from the search, arguing there was no probable cause to issue the search warrant. After the trial court denied the motion, Kindle entered a "not guilty" plea to the charge and "true" pleas to the two enhancement paragraphs. The jury found him guilty, found both enhancement paragraphs were true, and assessed punishment at thirty-five years' confinement.

THE TRIAL COURT DID NOT ERR BY DENYING KINDLE'S MOTION TO SUPPRESS AND MOTION FOR NEW TRIAL BASED ON THAT DENIAL

Kindle first contends the trial court erred by denying his motion to suppress and motion for new trial, because the search warrant did not adequately identify the place to be searched or the objects to be seized. *See* TEX. CODE CRIM. PROC. art. 18.04(2). Kindle did not timely object on that basis in the trial court and thus has not preserved his argument for our review. *See* TEX. R. APP. P. 33.1(a); *Yazdchi v. State*,

---

[2] Although both baggies contained a white crystal substance consistent with methamphetamine, only one was tested by a laboratory. The laboratory confirmed the baggie contained 6.87 grams of methamphetamine.

428 S.W.3d 831, 844–45 (Tex. Crim. App. 2014) (argument raised for the first time in a motion for new trial is not preserved for appeal). Regardless, the warrant incorporates Detective Gabriel's affidavit and provides that the "place and premises described in said Affidavit" will be searched for "the personal property described in said Affidavit." The affidavit, in turn, specifically identifies the house as the place to be searched and, in multiple places, identifies illegal drugs, including heroin and methamphetamine, as contraband likely to be found there. The warrant sufficiently identifies the subject of the search. *See Gonzalez v. State*, 577 S.W.2d 226, 230 (Tex. Crim. App. [Panel Op.] 1979).

Kindle next argues there was no probable cause to issue the search warrant. "Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at the specified location." *State v. McLain*, 337 S.W.3d 268, 272 (Tex. Crim. App. 2011). This "is a flexible and non-demanding standard," and we give great deference to a magistrate's determination based on a warrant affidavit. *Id.* at 271–72. We must "interpret the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences." *Id.* at 271. And our duty "is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010). This does not mean we act as a "rubber stamp," invariably approving the magistrate's decision. *Id.* But

that "decision should carry the day in doubtful or marginal cases, even if [we] might reach a different result upon de novo review." *Id.* (quotation omitted).

Kindle attacks the warrant affidavit by isolating its various statements and arguing that each does not provide enough detail to establish probable cause. For example, as he fairly points out, the affidavit provides no details about the source or timing of the information Detective Gabriel received suggesting drug activity occurred at the house. Nor does it provide details to support her statement that she recognized Nguyen from a "prior contact" as a "known user of heroin."

The issue, however, "is not whether there are other facts that could have, or even should have, been included in the affidavit; we focus on the combined logical force of facts that *are* in the affidavit, not those that are omitted from the affidavit." *Rodriguez v. State*, 232 S.W.3d 55, 62 (Tex. Crim. App. 2007). We agree that neither Detective Gabriel's bare assertion that she "received information" about drug activity at the house nor her statement that a "known user of heroin" lived there, standing on its own, establishes probable cause to search the house. Nevertheless, the magistrate considered that information as part of the totality of the circumstances suggesting drugs were likely to be found there. *See Flores*, 319 S.W.3d at 703.

Kindle also argues the evidence from the trash pulls does not establish probable cause, relying on *State v. Dickson*, No. 05-07-0152-CR, 2008 WL 3867643, at * 3 (Tex. App.—Dallas Aug. 21, 2008, no pet.), *Davila v. State*, 169 S.W.3d 735, 739 (Tex. App.—Austin 2005, no pet.), and *Serrano v. State*, 123 S.W.3d 53 (Tex.

App.—Austin 2003, pet. ref'd). But each of those cases dealt with a warrant affidavit based largely on evidence taken from a single trash pull, as opposed to the two trash pulls as we have in this case. Moreover, after those cases were decided, the court of criminal appeals upheld a probable-cause determination under circumstances substantially similar to those here. *See Flores*, 319 S.W.3d at 703.

According to the warrant affidavit in *Flores*, an experienced officer received an anonymous tip about drug activity at a house on an unspecified date. 319 S.W.3d at 698–99. After corroborating a portion of the tipster's information about the house's occupants, detectives pulled trash from the front of the house on two separate occasions, five days apart, and recovered drug evidence. *Id.* at 699–700. After the magistrate issued the warrant, officers searching the house found drugs and arrested the house's occupant for possessing cocaine with intent to deliver. *Id.* a 700. The defendant moved to suppress evidence from the search, arguing both that the warrant affidavit lacked sufficient underlying facts to show the anonymous tip was reliable and that the affidavit failed to affirmatively link the drug evidence found in the trash pulls to the defendant or the house. *Id.* at 700–01.

With respect to the anonymous tip, the court stated that, although it was "perhaps insufficient in itself to establish probable cause to search," it "was nevertheless a circumstance to be considered, along with all of the other circumstances, in the determination of whether probable cause existed." *Id.* at 703 (citing W. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 3.3(f)

at 193–94 (4th ed. 2004)). As for the trash pulls, the court explained that the magistrate could reasonably infer the trash placed in front of the house came from the house, rather than a neighboring residence. And based on the "doctrine of chances," it was objectively unlikely that persons unconnected to the house would have placed drugs in the house's trash twice within a five-day period. *Id.* Under the totality of the circumstances, the magistrate had a substantial basis for concluding "there was at least a fair probability or substantial chance" that drugs would be found at the house. *Id.*

Here, the warrant affidavit similarly provides that Detective Gabriel, an experienced narcotics detective, received information suggesting drug activity occurred at a house. In the course of her investigation, she identified a person living at the house whom she knew from a "prior contact" was a heroin user. The magistrate could reasonably infer this knowledge came from a previous drug investigation. Detective Gabriel found drug evidence in trash bins placed in front of the house on two separate occasions, one week apart. The magistrate could infer the drug evidence came from someone connected to the house. *See id.* at 703.

Although we agree with Kindle that other facts "could have, or even should have, been included in the affidavit," *Rodriguez*, 232 S.W.3d at 62, the magistrate had a substantial basis, under the totality of the circumstances, to conclude "there was at least a fair probability or substantial chance" drugs would be found at the

house. *Flores*, 319 S.W.3d at 703. The trial court did not err by denying Kindle's motion to suppress and motion for new trial based on that denial.

THE EVIDENCE SUFFICIENTLY SUPPORTS KINDLE'S CONVICTION

Kindle next argues the evidence is insufficient to prove he intentionally or knowingly possessed methamphetamine. *See* TEX. HEALTH & SAFETY CODE §§ 481.102(6), 481.115(a); TEX. PENAL CODE § 1.07. We review evidentiary sufficiency under the familiar *Jackson v. Virginia*[3] standard, viewing all evidence in the light most favorable to the verdict to determine whether the factfinder was rationally justified in finding guilt beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

Although a defendant's mere presence at a location where drugs are found will not establish intentional or knowing possession, a factfinder may infer such possession when justified by sufficient independent facts and circumstances indicating an affirmative link between the defendant and the drugs. *Tate v. State*, 500 S.W.3d 410, 413–14 (Tex. Crim. App. 2016). The court of criminal appeals has provided a list of non-exclusive factors that may, either singly or in combination, establish such an affirmative link:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the

---

[3] 443 U.S. 307 (1979).

defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006). Ultimately, it is "not the number of links that is dispositive, but rather the logical force of all the evidence, direct and circumstantial." *Id.* at 162.

We have multiple links here. Police found Kindle asleep alone on a bed and then found the methamphetamine under pillows he was sleeping on directly after they woke him up. They also found numerous items of used drug paraphernalia in plain sight next to the bed. All this was in a bedroom and Kindle was the only occupant before police arrived.

Viewed in the light most favorable to the verdict, the evidence sufficiently supports the conclusion that Kindle possessed the requisite amount of methamphetamine.[4]

---

[4] We reject Kindle's argument that jury notes asking to see additional evidence related to possession, as well as the overall length of the jury's deliberations, suggest the evidence is insufficient to support his conviction. *See Stevenson v. State*, No. 05-93-00795-CR, 1997 WL 472307, at *3 (Tex. App.—Dallas Aug. 20, 1997, pet. ref'd) (not designated for publication) ("Whether the jury verdict is supported by legally sufficient evidence is measured by the evidence presented at trial, not by jury notes sent to the trial judge after both sides have closed. . . . [T]he jury note is immaterial for purposes of determining the sufficiency of the evidence." (citation omitted)); *Scott v. State*, 202 S.W.3d 405, 411 (Tex. App.—Texarkana 2006, pet. ref'd) (noting that both the length and difficulty of jury deliberations are irrelevant to a sufficiency review).

Finally, Kindle contends the trial court erred by allowing Detective Ryan Slicker to offer both an opinion about whether the evidence showed possession with intent to deliver and "generalized testimony regarding the consequences, use and trafficking of narcotics." We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). To preserve error in admitting evidence, a party must lodge a timely and specific objection. TEX. R. APP. P. 33.1(a); *Fuller v. State*, 253 S.W.3d 220, 232–33 (Tex. Crim. App. 2008).

Kindle did not object when Detective Slicker opined that whoever possessed the drugs had intent to deliver them. Thus, he waived any error in allowing that testimony. *See* TEX. R. APP. P. 33.1(a); *Fuller*, 253 S.W.3d at 232–33. Moreover, even if Kindle had preserved an objection, he could not show the testimony harmed him, because the jury acquitted him of possession with intent to deliver. *See* TEX. R. APP. P. 44.2(b); *Tienda v. State*, 479 S.W.3d 863, 881 (Tex. App.—Eastland 2015, no pet.) (error in admitting evidence harmless where it related only to a charge for which defendant was acquitted).

With respect to Detective Slicker's "generalized testimony" regarding drug use and trafficking, and within the range of reporter's record pages Kindle has cited to us in his brief, Kindle first made a relevance objection to the following question: "[J]ust generally speaking, what kind of effects does methamphetamine have on a

person?" Kindle makes no argument as to this specific question, and we conclude the question was relevant to whether Kindle's appearance or behavior at the time of the search, as captured on body camera, suggested he was under the influence of methamphetamine. *See* TEX. R. EVID. 401. Second, Kindle objected to the relevance of the State's question asking whether Detective Slicker was familiar with the price of methamphetamine. Again, Kindle makes no specific argument as to this question, and we conclude the responsive testimony was relevant because determining the value of the methamphetamine found during the search could suggest whether it was intended for sale rather than personal use. *See id.* The trial court did not err by overruling Kindle's relevancy objections.

To the extent Kindle argues Detective Slicker's testimony was unduly prejudicial under Rule 403, he did not object on that basis in the trial court and thus has not preserved the argument for our review. *See* TEX. R. APP. P. 33.1(a); *Hiatt v. State*, No. 05-19-00564-CR, 2020 WL 7021539, at *6 (Tex. App.—Dallas Nov. 30, 2020, no pet.) (mem. op., not designated for publication) (relevance objection does not preserve Rule 403 complaint).

We affirm the trial court's judgment.


/Cory L. Carlyle/

191268f.u05          CORY L. CARLYLE
Do Not Publish      JUSTICE
TEX. R. APP. P. 47.2(b)

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER SHAWN KINDLE, Appellant

No. 05-19-01268-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas Trial Court Cause No. 219-80402-2019.
Opinion delivered by Justice Carlyle. Justices Schenck and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of June, 2021.